ELIJAH W. CRAM, in equity, *vs.* NICHOLAS GILMAN.

Waldo. Opinion March 5, 1891.

*Equity. Final Decree. Appeal. Practice. Chancery Rule 28; R. S., c. 77, § 20.*

In equity there is no affirmative decree to be appealed from until the decree is signed, entered and filed. Unless the record shows such a signing, and filing, an appeal will be dismissed.

IN EQUITY.

On appeal by defendant. The case appears in the opinion.

*J. W. Knowlton*, for plaintiff.

*W. H. Fogler*, for defendant.

EMERY, J. An equity appeal. The defendant asks the law court to entertain his appeal from what he assumes to be a final decree against him in the cause. The plaintiff asks that the appeal be dismissed as not claimed within ten days after the decree was made. On this motion to dismiss we are furnished with the docket entries in the case.

By our equity procedure statute, R. S., ch. 77, § 20, an appeal from a final decree in equity may be taken within ten days after such decree is "signed, entered and filed." When the court has finally established and defined the rights of the parties in an equity suit, and indicated what relief should be awarded, it remains to embody this judgment in a suitable

decree, which when properly authenticated and enrolled shall be the authoritative expression of the judgment of the court. In our practice, decrees are sufficiently enrolled by being "entered and filed."

Drafts of such decrees are to be prepared by the prevailing counsel, and filed. Corrections of such drafts, if any are desired, are to be prepared by the other counsel, and filed. In case of final disagreement among counsel as to the correct form of the decree, all the drafts are to be submitted to a justice of the court to settle the form. Chancery Rule 49 (1881,) (Rule 28, 1891). The mere draft of a decree, however, even though agreed upôn by counsel, and filed, is not the decree of the court. There is no decree, and consequently no appeal from it as a decree until the draft is authenticated and enrolled, or in the words of our statute, "signed, entered and filed." *Gilpatrick* v. *Glidden*, 82 Maine, 201. Such a formal decree, however, is not always necessary to dismiss a suit after judgment of dismissal by the law court. *Thurston* v. *Haskell*, 81 Maine, 303.

The docket entries of the filing of decrees in this case, are as follows :

"February 15, 1888. Decree filed. . . . . . .

"May 24, 1889. 2nd Decree filed. . . . . . .

"July 11, 1889. Amended Decree filed." . . . . .

This appeal was claimed June 18, 1889.

The docket does not show, in terms, whether these papers were mere drafts of decrees prepared by counsel, and filed under the rule, or were "signed, entered and filed," as decrees of the court. If they were the former, there is as yet no decree to appeal from. If they were the latter, this appeal is too late to affect the decrees of Febuary 15, 1888, and May 24, 1889, (more than ten days having elapsed,) and is too early to affect the decree of July 11, 1889. In either case, this appeal must be dismissed.

*Appeal dismissed with costs.*

Peters, C. J., Libbey, Foster, Haskell and Whitehouse, JJ., concurred.