[No. 5097½.    Decided April 21, 1904.]

THE STATE OF WASHINGTON, *on the Relation of George
S. Payson et al., Plaintiff,* v. W. O. CHAPMAN, *Judge
of the Superior Court of Pierce County,
Defendant.*[1]

TRIAL—NEW TRIAL—PRACTICE IN EQUITY.    The practice upon
entering judgment and the right to move for a new trial is the
same in equity as in cases tried before a jury.

APPEAL—TIME FOR TAKING AND PROPOSING STATEMENT OF FACTS
—JUDGMENT—WHEN FINAL—SUSPENDED BY MOTION FOR NEW TRIAL.
The time for taking an appeal, and for proposing a statement of
facts, begins to run from the time a motion for a new trial, sea-
sonably made, is overruled, in an equity case as well as in law
actions, since the judgment is not final until that time.

Application filed in the supreme court April 4, 1904,
for a writ of mandate to the superior court for Pierce
county, Chapman, J.   Writ granted.

*Wm. H. Pratt* and *Walter Loveday,* for relators.

*G. W. H. Davis, F. R. Baker,* and *B. F. Jacobs,* for de-
fendant, argued that compliance with the statute requir-
ing the statement of facts to be filed within thirty days
is jurisdictional.   *Enos v. Wilcox,* 3 Wash. 44, 28 Pac.
364; *Snyder v. Kelso,* 3 Wash. 181, 28 Pac. 335; *State
v. Hoyt,* 4 Wash. 818, 30 Pac. 1060; *Loos v. Rondema,*
10 Wash. 164, 38 Pac. 1012.   The time for filing a state-
ment of facts begins to run when the judgment is entered.
*McQuestin v. Morrill,* 12 Wash. 335, 41 Pac. 56; *Wol-
lin v. Smith,* 27 Wash. 349, 67 Pac. 561; *State ex rel.
Dutch Miller etc. Co. v. Superior Court,* 30 Wash. 43,
70 Pac. 102; *National Christian Ass'n,* 21 Wash. 16,
56 Pac. 844; *Lamona v. Cowley,* 31 Wash. 297, 71 Pac.
1040.

[1]Reported in 76 Pac. 525.

Mount, J.—Original application for a writ of mandate requiring the judge of the superior court of Pierce county to settle and certify a statement of facts in the case of *Payson et al. v. Jacobs et al.,* now on appeal to this court.

It appears from the record herein that the cause of *Payson v. Jacobs* was an equity case, tried by the court without a jury. On January 4, 1904, the court made findings of fact and conclusions of law, and at the same time signed and entered a decree in said cause in favor of the defendant therein. Within two days thereafter, the plaintiffs served and filed a motion for a new trial in the said cause, which motion was heard by the court, and denied on February 3, 1904. The court thereafter refused to grant an extension of time within which to file a proposed statement of facts. Relators on March 3, 1904, within thirty days after the order denying the motion for a new trial, filed and served a proposed statement of facts in the case, to which statement no amendments were offered. The judge now refuses to settle and certify the proposed statement of facts, on the ground that the proposed statement was not served and filed within thirty days from the date of the entry of the judgment.

It will be readily seen that the proposed statement was filed within thirty days from the date of the order denying the motion for a new trial, but was not filed until sixty days after the date when the judgment was entered. Section 5062, Bal. Code, provides:

"A proposed bill of exceptions or statement of facts must be filed and served either before or within thirty days after the time begins to run within which an appeal may be taken from the final judgment in the cause, . . ."

The question presented here is, does the time for taking an appeal commence to run from the entry of the judg-

5-35 WASH.

ment, in an equity case, or from the date of the order denying the motion for a new trial? Section 5029, Bal. Code, provides:

"Upon the trial of an issue of fact by the court, its decisions shall be given in writing and filed with the clerk. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly."

Section 5030, Bal. Code, is as follows:

"The order of proceedings on a trial by the court shall be the same as provided in trials by jury. The finding of the court upon the facts shall be deemed a verdict, and may be set aside in the same manner and for the same reason, as far as applicable, and a new trial granted."

Section 5115, Bal. Code, as amended by Laws 1903, p. 285, is as follows:

"When a trial by jury has been had, judgment shall be entered by the clerk immediately in conformity to the verdict and a transcript of said judgment may be immediately filed in the office of the clerk of the superior court of any other county in the state in the manner provided by law: *Provided, however,* That if a motion for a new trial shall be filed, execution shall not be issued upon said judgment until said motion shall be determined: *And provided, further,* That the granting of a motion for a new trial shall immediately operate as the vacation and setting aside of said judgment."

It clearly appears from these sections that the practice in equity, and other cases tried by the court without a jury, is governed by the rules applicable to jury trials. It follows that a judgment or decree in an equity case may be entered immediately upon the findings of the trial court. The statute also provides, at § 5070, Bal. Code:

"A new trial is a re-examination of an issue of fact in the same court, after a trial and decision by a jury, court or referees."

Section 5071 provides that the former verdict or *other* *decision* may be vacated or a new trial granted for causes therein named. And § 5075 provides that a party moving for a new trial must, within two days after the verdict of a jury, or two days after notice of a decision of the court, file and serve upon the adverse party his motion for a new trial, designating the grounds upon which the motion is made. These sections clearly give to a litigant the right to file a motion for a new trial within the time named—two days. No distinction is made between cases tried by a jury, and cases tried by the court without a jury. The result must be the same, viz., to suspend execution upon the judgment until the motion for a new trial is determined. The judgment, therefore, where a motion for a new trial is filed within time, is not *final* until such motion is disposed of. Elliott, Appellate Procedure, § 119 ; *New York etc. R. Co. v. Doane,* 105 Ind. 92, 4 N. E. 419 ; *Adrian Furniture Mfg. Co. v. Lane,* 92 Mich. 295, 52 N. W. 615.

It is true that § 6502, Bal. Code, provides that:

"In civil actions and proceedings an appeal from any final judgment must be taken within ninety days after the date of the entry of such final judgment."

This language must be construed in harmony with its evident intention, and, therefore, be held to mean within ninety days after the date when the judgment becomes *final,* which, of course, is the date when the order is entered denying the motion for a new trial. This court has held that a motion for a new trial is not necessary in order that questions once decided by the lower court may be reviewed here on appeal, but is necessary for a review of questions not presented to the trial court during the progress of the trial. *Dubcich v. Grand Lodge,* 33 Wash. 651, 74 Pac. 832. But the motion for a new trial

is a *right* granted by statute, and questions already passed upon by the lower court, as well as those not passed upon, may be considered upon such motion, when seasonably made. We are therefore of the opinion that the time for taking an appeal begins to run from the date of the order denying a motion for a new trial, when such motion is seasonably filed.

The cases from this court, cited by respondent, to the effect that the time for filing the proposed statement of facts begins to run from the entry of the judgment, are all cases where a motion for a new trial was not filed at all, or, if filed, was not filed within the two days' time allowed therefor. In such cases the time begins to run from the date of the entry of the judgment. But motions or proceedings filed after the two days' time mentioned, seeking to vacate or set aside judgments, do not suspend the judgment regularly entered, or affect its finality, and for that reason do not suspend the time for taking an appeal.

For the reasons hereinbefore mentioned, the proposed statement of facts was filed within time, and should be certified by the trial court. The writ will therefore issue as prayed for.

FULLERTON, C. J., and HADLEY, ANDERS, and DUNBAR, JJ., concur.