[No. 5542. Decided September 6, 1905.]

AUGUST KUBILLUS *et al., Appellants,* v. ALBERT EWERT *et al., Respondents.*[1]

APPEAL—NOTICE—TIME FOR TAKING. The time for taking an appeal from a judgment commences to run from the time of overruling a motion for a new trial seasonably made.

NEW TRIAL—TIME FOR FILING APPLICATION—COMPUTATION—HOLIDAYS EXCLUDED. Under Bal. Code, § 5075, requiring a motion for a new trial to be filed within two days, and § 4790, excluding holidays, a motion for a new trial is in time if made on the fourth day, where two consecutive legal holidays intervene.

APPEAL—DISMISSAL—MOTION DOCKET. A motion to dismiss an appeal not placed on the motion docket is technically not before the court upon the hearing on the merits, where respondent files no printed brief, but may be considered when principally relied on by the respondent.

APPEAL AND ERROR — RECORD — REVIEW — EVIDENCE ON DISSOLVING TEMPORARY RESTRAINING ORDER NOT BROUGHT UP. An order dissolving a temporary restraining order will not be reviewed on appeal where the oral evidence heard and considered on the motion is not brought up in the record.

1Reported in 82 Pac. 147.

CONTRACTS — CONSTRUCTION — SALE OF BUSINESS — CONDITION FOR BENEFIT OF VENDEES THAT A LEASE BE SECURED—WAIVER BY VENDEES— REFUSAL OF VENDORS TO PERFORM—MEETING OF MINDS OF PARTIES. A condition in an agreement for the sale of a butchering business, pro- viding that the vendees shall have until a certain date to secure a lease of the premises, which they undertake to do, and that the con- tract shall be at an end and the purchase money returned if a lease cannot be secured, is for the sole benefit of the vendees and may be waived by them, making the sale absolute and binding on the vendors.

PARTNERSHIP—CONTRACTS—AUTHORITY OF CO-PARTNER TO EXECUTE —EVIDENCE—SUFFICIENCY. Evidence that one partner was not satis- fied with a contract of sale, is not evidence of want of authority of his copartner to make it, there being no evidence that the price was inadequate.

Appeal from a judgment of the superior court for Whit- man county, Chadwick, J., entered July 2, 1903, upon granting a nonsuit at the close of plaintiffs' testimony, after a trial before the court and a jury, in an action on con- tract. Reversed.

*Samuel R. Stern,* for appellants.
*H. W. Canfield,* for respondents.

HADLEY, J.—Respondents have moved to dismiss this appeal. The ground urged is that the motion for new trial was neither seasonably served nor filed, and that the appeal was therefore not taken in time. The judgment was entered July 2, 1903, and the motion for new trial was both served and filed on the 6th day of the same month. The motion was overruled on the 10th day of February, 1904, and the appeal was taken April 28, 1904. If the motion for new trial was seasonably filed, then the time for appeal began to run from the date the motion was overruled. *State ex rel. Payson v. Chapman,* 35 Wash. 64, 76 Pac. 525; *Rice Fisheries Co. v. Pacific Realty Co.,* 35 Wash. 535, 77 Pac. 839.

Respondents urge, however, that the motion was not sea- sonably filed, and that the time for appeal began to run from the date of the judgment. Bal. Code, § 5075, requires that the motion shall be filed within two days, whereas four

days elapsed in the case at bar. Under ordinary conditions, therefore, the motion would not have been seasonably filed, and the motion to dismiss the appeal would have been well taken. But reference to the calendar for the year 1903 discloses that two consecutive legal holidays intervened between the date of the judgment and the date of serving and filing the motion for new trial. The judgment having been entered on the 2d day of July, appellants were, under the statute, entitled to the whole of the fourth day of the month within which to file their motion. That day was, however, a holiday, and the motion could not be filed during said day. The day was also a Saturday, and the next day being Sunday, the motion could not be filed until the following day. It was served and filed on Monday, and was seasonably filed within the rule stated in Bal. Code. § 4790, which is as follows:

"The time within which an act is to be done as herein provided shall be computed by excluding the first day and including the last, unless the last day is a holiday or Sunday, and then it is also excluded."

The motion to dismiss the appeal must therefore be denied.

Respondents, in their brief upon the motion to dismiss the appeal, urge with earnestness that the motion should be sustained, and that they should be relieved of the burden of filing an answering brief upon the merits of the case. Notice was given that the motion would be brought on for hearing on the 17th day of February, 1905, but the notice and motion did not reach the clerk's office of this court in time to be placed upon the motion docket for said day, within the terms of subdivision 3 of rule 17 of this court. It was therefore not placed upon the motion docket, and was not heard on the day named. The record discloses no further effort to have the motion brought on for hearing, and in that condition, the court found it when the cause was submitted on its merits. Technically, therefore, the motion is not before us for consideration; but, inasmuch

as respondents seem to have relied upon it with assurance, and apparently for that reason have not filed an answering brief upon the merits, we have thought best to consider and pass upon the motion. In considering the merits, we are without the benefit of any brief from respondents.

The second amended complaint alleges, that the plaintiffs are copartners in business, as butchers and dealers in meat; that on or about the 25th day of October, 1902, the defendants Albert Ewert and Henry Behrens were copartners, and were carrying on a meat market and butchering business at Palouse, Washington; that on said date the plaintiffs and said defendants entered into an agreement, in writing, whereby the defendants agreed to sell, and the plaintiffs agreed to buy, the good will of said business and certain property connected therewith, for the sum of $700; that a tender in gold of the full amount was made within the time provided by the contract, and that the same was refused by the defendants; that plaintiffs have made several attempts to secure possession of said business and property, but defendants have refused to yield possession thereof. Damages are demanded. Under the first complaint filed, a restraining order was sought to prevent the defendants from continuing their said business, and from disposing of the property pending the action. A temporary restraining order was issued, and was afterwards on motion dissolved. Appellants urge that the court erred in dissolving the restraining order. It appears from the record, however, that oral testimony was heard and considered upon the motion to dissolve. That testimony is not before us, and we shall therefore not undertake to say that the court erred in dissolving the restraining order. We cannot know what facts were made to appear by the testimony submitted at that time.

The answer denies that the defendants agreed to sell the property mentioned in the complaint. It is admitted that the defendant Albert Ewert signed the written agreement,

which purports to have been executed by him in behalf of the partnership of Ewert & Co., but it is alleged that he was not authorized to make the contract. The cause came on for trial before a jury, and at the close of the plaintiffs' testimony, the defendants moved for a nonsuit, which was granted, and judgment was accordingly entered. The plaintiffs have appealed from the judgment.

The written agreement was admitted in evidence, and its terms are substantially as stated above. It, however, contains the following:

"The parties of the second part promise and agree to purchase said property from said first parties and to pay therefor the sum of seven hundred dollars in cash, provided that the parties of the second part can secure from the owner of the said meat market a lease of said property for at least two years, at a monthly rental of not to exceed twelve dollars ($12). The parties of the second part agree to undertake at once to secure such a lease and as soon as it can be secured, if at all, they will pay to said first parties said sum of seven hundred dollars. The parties of the second part hereby pay $100 to bind this agreement, said amount to be retained by first parties in escrow until the parties of the second part secure such a lease, provided it can be secured, and then and in that event said $100 is to be deducted from said purchase price of $700. If such lease cannot be secured on or before November 10th, 1902, said $100 to be returned to second parties, and this contract to be at an end."

The evidence shows that appellants were unable to procure the lease mentioned, at least before the time that respondents refused to carry out the contract. By the express terms of the contract, they, however, had until the 10th day of November to procure the lease, and, before the expiration of that time, they decided to waive that provision of the contract. They so informed respondents, and tendered them the full purchase price in gold. In ruling upon the motion for nonsuit, the trial court construed the provision of the

contract with regard to appellants procuring the lease, and observed as follows:

"I shall sustain the motion for a nonsuit. The contract is, in my opinion, by its terms and under the testimony, only an agreement to be in effect and be a contract in the event that it transpires afterwards that a lease for one year is procured by plaintiffs of this building. The condition did not happen or rather the event did not happen, and in my opinion the facts do not make a contract. Prior to the time the condition was waived, the offer was withdrawn or attempted to be withdrawn by the defendants, and they had as good a right to withdraw their offer as plaintiffs had to alter the terms of the agreement. There was no time when the minds of the parties actually met."

We believe the court was in error in its construction of said provision of the contract. It was a provision which was inserted wholly for the benefit of appellants. It was entirely immaterial to respondents whether appellants procured the lease of a third person's premises or not. The agreement was in form an absolute one, whereby respondents agreed to sell certain property at a stated price, but in effect accorded to appellants the privilege of withdrawing from the contract, if they were unable to procure the lease of certain premises. The trial court construed the respondents' obligation to be a mere offer to sell, subject to the condition that appellants could procure the lease, and that, when it developed that the lease could not be procured, the respondents had a right to withdraw their offer. We think respondents' obligation was more than a mere offer, and that it was an absolute agreement on their part to sell, the only condition being manifestly intended for the benefit of appellants alone, and which they could waive, within the following authorities: Benjamin, Sales (7th ed.), § 566; *Detroit Heating etc. Co. v. Stevens,* 16 Utah 177, 52 Pac. 379; *Blethen v. Blake,* 44 Cal. 117; *Hobart v. Beers,* 26 Kan. 329; 29 Am. & Eng. Ency. Law (2d ed.), 1107. In

*Hobart v. Beers, supra,* Brewer, Justice, delivering the opinion of the court, said:

"Whenever in a contract there is inserted a stipulation for the benefit of one party, as a general rule such stipulation may be waived by that party, and it is error to say to the jury that a waiver of such stipulation must be consented to by both parties, or is binding on neither. The rule is that, if the party benefited thereby waives it, the other may not complain."

At the time the nonsuit was granted, there was no evidence to the effect that respondent Albert Ewert was not authorized by his partner to make the contract of sale at the time it was made. The evidence merely showed that the partner was afterwards not satisfied with the price, but the testimony did not show that the price was inadequate. We therefore think the evidence was such that it was error to grant the nonsuit.

The judgment is reversed and the cause remanded, with instructions to grant a new trial.

Mount, C. J., Fullerton, Rudkin, Root, Crow, and Dunbar, JJ., concur.