[No. 7227.   Decided April 20, 1908.]

RICHARD CHILCOTT, *Respondent*, v. GLOBE NAVIGATION COMPANY, *Appellant*.[1]

APPEAL—TIME FOR TAKING—SUBSEQUENT JUDGMENT—MOTION FOR NEW TRIAL—ORAL NOTICE. Where a judgment was immediately entered by the clerk upon rendition of the verdict, and a new trial was denied November 9, an oral notice of appeal must, to be effective, be taken at that time; and the entry of a formal judgment December 9, against the objection of the prevailing party, does not authorize an oral notice of appeal at that time.

JUDGMENT—ENTRY—VALIDITY—PAYMENT OF FEES — APPEAL — FINALITY. A judgment entered by the clerk immediately upon rendition of the verdict, pursuant to Laws 1903, p. 285, is not void because the fees required by Laws 1907, pp. 88-90, were not collected by the clerk; and failure to collect the fees does not affect the finality of the judgment for the purposes of appeal.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered December 9, 1907, at the instance of the defendant, upon the verdict of a jury rendered in favor of the plaintiff.   Dismissed.

*H. R. Clise*, for appellant.

*F. R. Conway*, for respondent.

HADLEY, C. J.—This cause was tried before a jury and a verdict was returned for the plaintiff on September 27, 1907. Judgment was entered upon the verdict by the clerk on the same day.   The defendant's motion for a new trial was denied November 9, 1907.   The judgment from which the appeal is sought was signed by the judge and filed in the office of the

[1]Reported in 95 Pac. 264.

clerk on December 9, 1907. This judgment was signed and filed at the instance of the defendant, over the objection and exception of the plaintiff, and pursuant to a notice given by the defendant. The notice of appeal was orally given by defendant in open court at that time.

The respondent has moved to dismiss the appeal on the ground that there was no sufficient notice of appeal. The notice of appeal to be effective, if given in open court, must be given at the time the judgment is "rendered or made." Bal. Code, § 6503 (P. C. § 1051). It is also provided by § 1, page 285, Laws of 1903, that when a trial by jury has been had, judgment shall be immediately entered by the clerk in conformity to the verdict. The clerk so entered judgment in this case, and it must have been then "rendered or made." The statute of 1903 provides that the granting of a motion for a new trial shall immediately operate as the vacation of the judgment. We held in *State ex rel. Payson v. Chapman*, 35 Wash. 64, 76 Pac. 525, and *Rice Fisheries Co. v. Pacific Realty Co.*, 35 Wash. 535, 77 Pac. 839, that, when a motion for new trial has been properly filed, the judgment will not be of final effect until the motion is determined, and that the time for taking an appeal begins to run from the date of the denial of the motion for a new trial. It follows that, if the notice of appeal is given in open court, it must be given at the time the motion for a new trial is denied, since it is then that the judgment becomes final and effective. The notice in the case at bar was not given at that time, but on December 9, one month later, the appellant appeared with a prepared formal entry called a "judgment," obtained the judge's signature, filed the entry over the respondent's objection, and then gave notice of appeal from the judgment so entered. The notice of appeal did not relate to the first judgment entered, and it came too late as a notice of appeal from that judgment. The real judgment in the case had been previously entered, and it became final and effective on November 9, when the motion for new trial was denied. To hold that the appellant's notice

is sufficient would in effect permit a party to voluntarily extend his own time to appeal by bringing into court and filing at his convenience a so-called judgment entry long after the statutory judgment has been entered.

Appellant argues that the statute of 1903, providing for immediate judgment upon the return of the verdict of the jury, must be considered in connection with the statute in regard to costs. It is provided by the statute of 1907, Laws of that year, pages 88, 89, and 90, as follows:

"The several officers herein named shall collect the fees herein prescribed for their official services. . . . Clerks of the Superior Court. . . . If a judgment other than a dismissal or discontinuance is rendered, the party obtaining the same shall pay, at the time of the entry thereof, a further fee as follows; . . . 4. Where the judgment is rendered after an appearance by an adverse party, and a trial by jury, or by the court or a judge, referee, or commissioner, in a cause other than the foreclosure of a lien or mortgage, or partition of real estate, $6."

It is contended that, under the above statute, the judgment fee of $6 in a case like the one at bar must be paid at the time the judgment is entered, and that there is in fact no judgment until the fee is paid. Appellant says the judgment fee was not paid until December 9, when the entry which it requested was made. We find nothing in the record which shows that the fee was not paid until that time. But, assuming that it was not, we think that fact is immaterial here. The statute of 1903 makes it the duty of the clerk to enter the judgment immediately upon the return of the verdict. The statute of 1907 makes it his duty to collect certain fees, but it does not provide that a judgment shall be void for mere failure to collect the fee at the time judgment shall be entered. It is no doubt within the province of the clerk to demand the payment of the judgment fee at the time of making the entry, but his neglect to do so, or the mere neglect or refusal to pay on the part of the party in whose favor judgment should go, does not of itself render the judgment a

nullity. If it might be held to be sufficient ground for the vacation of the judgment, the vacation would have to be accomplished through proper procedure for that purpose, and by an order of court to that effect.

For the foregoing reasons the notice of appeal was insufficient, and the appeal is therefore dismissed.

FULLERTON, MOUNT, ROOT, and CROW, JJ., concur.