[No. 9754.   Department Two.   November 4, 1911.]

EDWIN WOODDY, *Appellant*, v. SEATTLE ELECTRIC COMPANY, *Respondent*.[1]

APPEAL—TIME FOR TAKING—ENTRY OF JUDGMENT—CLERK'S JOURNAL ENTRY.  Where the clerk entered in the journal a judgment of dismissal on March 14, 1910, pursuant to Rem. & Bal. Code, § 77, and a motion for a new trial was denied March 19, the time for taking an appeal commenced to run from the latter date, and is not enlarged by the fact that a formal judgment was signed on November 9, and filed March 14, 1911.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 14, 1911, upon granting a nonsuit, dismissing an action for libel.   Dismissed.

*McBurney & Cummings* and *H. McC. Billingsley*, for appellant.

*James B. Howe* and *A. J. Falknor*, for respondent.

CROW, J.—This is an action for libel.   On March 14, 1910, the following order was made and entered in the journal of the superior court of King county:

"This cause comes on regularly for hearing this day, the parties hereto appearing.   The following jurors were accepted and duly empaneled and sworn to try the cause: [names of jurors].   Plaintiff sworn.   Defendant objects to the introduction of any evidence on the ground that the complaint herein fails to state a cause of action, and moves for a dismissal.   After argument of counsel, said motion is granted.   This cause is hereby dismissed and the jury excused."

Plaintiff's motion for a new trial was denied on March 19, 1910.   On December 17, 1910, a formal judgment of dismissal was signed by the trial judge, the defendant protesting and objecting thereto.   This judgment was not filed until March 14, 1911, on which date the notice of appeal was served.

[1]Reported in 118 Pac. 633.

A motion is made to dismiss the appeal, for the reason that the notice of appeal was not served within the ninety days prescribed by law. Respondent contends that the journal entry of March 14, 1910, dismissing the action, was a final and appealable order; that the time within which an appeal could be taken therefrom began to run on March 19, 1910, when the motion for a new trial was denied; and that the only notice of appeal herein, which was served on March 14, 1911, was too late and of no effect.

Section 77, Rem. & Bal. Code, makes it the duty of the clerk of the superior court to keep a journal and enter therein the orders, judgments, and decrees of the court under its direction. Section 435 also provides for the entry of all judgments in the journal. In this cause the clerk did thus enter the order of dismissal. An order granting a nonsuit and dismissing the action is final and appealable. *De Graf v. Seattle & Tacoma Nav. Co.*, 10 Wash. 468, 38 Pac. 1006. Necessarily there must be a limited time within which an appeal may be taken. That time begins to run when an appealable order has been made and entered. The only procedure that will suspend its running is the filing of a motion for a new trial. When such a motion is interposed, the time for appeal will run from the date on which it is determined. In this cause practically one full year expired after the motion for a new trial had been denied before the appeal was taken. In *Chilcott v. Globe Nav. Co.*, 49 Wash. 302, 95 Pac. 264, this court said:

"We held in *State ex rel. Payson v. Chapman*, 35 Wash. 64, 76 Pac. 525, and *Rice Fisheries Co. v. Pacific Realty Co.*, 35 Wash. 535, 77 Pac. 839, that, when a motion for new trial has been properly filed, the judgment will not be of final effect until the motion is determined, and that the time for taking an appeal begins to run from the date of the denial of the motion for a new trial. It follows that, if the notice of appeal is given in open court, it must be given at the time the motion for a new trial is denied, since it is then that the judgment becomes final and effective. The notice in the case

at bar was not given at that time, but on December 9, one month later, the appellant appeared with a prepared formal entry called a 'judgment,' obtained the judge's signature, filed the entry over the respondent's objection, and then gave notice of appeal from the judgment so entered. The notice of appeal did not relate to the first judgment entered, and it came too late as a notice of appeal from that judgment. The real judgment in the case had been previously entered, and it became final and effective on November 9, when the motion for new trial was denied. To hold that the appellant's notice is sufficient would in effect permit a party to voluntarily extend his own time to appeal by bringing into court and filing at his convenience a so-called judgment entry long after the statutory judgment has been entered."

The order of dismissal entered on March 14, 1910, was a statutory judgment, and appellant's time for taking an appeal therefrom was not extended by the entry of the later judgment. The appeal is dismissed.

DUNBAR, C. J., CHADWICK, MORRIS, and ELLIS, JJ., concur.