HIDDEN v. WASHINGTON–OREGON CORPORATION et al.

(District Court, W. D. Washington, S. D.   October 21, 1914.)

No. 16–E.

1. TIME (§ 10*)—COMPUTATION—REMOVAL OF CAUSE—PETITION.
   Rem. & Bal. Code, § 221, provides that a defendant shall answer within 20 days after service of summons, exclusive of the day of service. Section 252 declares that the time for doing an act shall be computed by excluding the first day and including the last, but if the last day falls on Sunday it shall be excluded. Section 150 also declares that if the last day is a holiday or Sunday it shall be excluded. *Held* that, where the twentieth day after service of summons fell on Sunday and the succeeding day was a holiday under the state statute, a petition for removal, which must be filed at or before the time when, by state law, defendant is required to plead or answer to the complaint in the state court, was properly filed on the succeeding day.
   [Ed. Note.—For other cases, see Time, Cent. Dig. §§ 34–52; Dec. Dig. § 10.*]

2. CORPORATIONS (§ 479*)—DEED OF TRUST—REMOVAL OF TRUSTEE—PARTIES.
   In a suit to remove a mortgage trustee, the corporate mortgagor is a necessary party.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1869, 1872–1874; Dec. Dig. § 479.*]

3. REMOVAL OF CAUSES (§ 27*)—CITIZENSHIP.
   Where plaintiff, a citizen of Washington, brought suit against defendants, a Washington corporation, a trust company which was a Pennsylvania corporation, and a citizen of Pennsylvania, to remove the Pennsylvania corporation from the office of trustee under a deed of trust executed by the Washington corporation, the latter being a necessary party and properly aligned as a defendant with the trustee, there was no controversy wholly between citizens of different states, so as to justify a removal of the cause to the federal court.
   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 64–68; Dec. Dig. § 27.*]

In Equity. Suit by L. M. Hidden against the Washington-Oregon Corporation and others. On motion to remand. Granted.

Glenn E. Husted, of Portland, Or., for plaintiff.
Sullivan & Christian, of Tacoma, Wash., for defendant Trust Company.

CUSHMAN, District Judge. This suit is one brought in the state court by a citizen of Washington, holding as collateral security certain mortgage bonds of the defendant Washington-Oregon Corporation, a corporation of the state of Washington. By the complaint the removal is sought of the trustee to whom the mortgage securing the bonds was executed. This trustee, the Philadelphia Trust, Safe Deposit & Insurance Company, a Pennsylvania corporation, and Randolph W. Childs, a citizen of Pennsylvania, are made defendants. The cause was removed to this court, and plaintiff now moves its remand to the state court.

[1] The statute requires the petition for removal to be filed in the state court at or before the time when, by the state law, the defendant

is required to plead or answer to the complaint in the state court. The summons in this case was served August 17, 1914. Under the statutes of Washington (Rem. & Bal. Code, §§ 221, 222, 223), defendant is required to answer "within twenty days after the service of the summons, exclusive of the day of service." The petition for removal was filed September 8th. September 6th (the twentieth day) was Sunday. September 7th was Labor Day, a holiday under the state statute. Section 252, Remington & Ballinger's Code, provides:

"The time within which an act is to be done shall be computed by excluding the first day and including the last. If the last day falls on a Sunday it shall be excluded." Laws of 1893, p. 415, § 26.

It is contended, as this statute only extends the time when the last day for the performance of an act falls upon Sunday, and as no mention is made of holidays, that the petition was filed too late. Section 150, Remington & Ballinger's Code (section 4790, Bal. Code; title 81, § 1875, Pierce's Code 1912), provides:

"The time within which an act is to be done, as herein provided, shall be computed by excluding the first day, and including the last, unless the last is a holiday or Sunday, and then it is also excluded." Approved Jan. 27, 1888. Laws 1888, p. 32.

In Kubillus v. Ewert, 40 Wash. 38, 82 Pac. 147, a decision rendered in 1905, it was held that, where the last day for moving for a new trial fell upon the 4th of July and the 5th of July was Sunday, the time was extended to and included Monday, the 6th of July. It is therefore held that the petition for removal was filed in time.

[2] On account of the conclusion reached, it will not be necessary to determine, in a cause such as the present, where the removal of a mortgage trustee is in controversy, whether it is of such nature as to make capable the measure of the value of the matter in dispute giving the court jurisdiction, if it is shown to be sufficient.

The Washington-Oregon Corporation, mortgagor, is clearly an indispensable party to the controversy. If the principal is not interested in the selection and removal of its agent, it is difficult to conceive of any party who would be.

The accused trustee may feel more keenly the allegations of misconduct, and defend against them with greater zeal; but its interest cannot be said to be greater than that of the mortgagor, for which it holds, in part, trust powers under the mortgage. Minnesota v. Northern Securities Co., 184 U. S. 199, 22 Sup. Ct. 308, 46 L. Ed. 499; California v. Southern Pac. Co., 157 U. S. 229, 15 Sup. Ct. 591, 39 L. Ed. 683; Venner v. Great Northern Ry. Co., 209 U. S. 24, 28 Sup. Ct. 328, 52 L. Ed. 666; United States v. Northern Pacific R. Co., 134 Fed. 715, 67 C. C. A. 269; Inhabitants of Anson et al., Petitioners, 85 Me. 79, 26 Atl. 996; Elias v. Schweyer, 13 App. Div. 336, 43 N. Y. Supp. 55; Maxwell v. Finnie, 6 Cold. (Tenn.) 434; 39 Cyc. 268.

In Meyer v. Delaware Railroad Construction Co., 100 U. S. 457, 25 L. Ed. 593, a trustee under a mortgage made by a railroad company sought to remove a cause in which the mortgagor was a party, and, if a necessary party, the cause was not removable. The right of re-

moval was upheld; but that the ruling is not controlling of the present case is shown by the following extract:

"In the present case, it appears that the suit was originally brought by a citizen of Iowa against another citizen of Iowa and citizens of Pennsylvania and Ohio. There were then, according to the pleadings, two matters about which there might be dispute—one between the construction company and the railroad company, both citizens of Iowa, as to the amount due the construction company and the actual existence of a mechanic's lien; and the other between the construction company and the trustees of the mortgage, citizens of different states, as to the priority of the mortgage over the mechanic's lien. But before the trustees of the mortgage were actually brought into court by service of process, the dispute between the construction company and the railroad company had been finally disposed of. The amount due the construction company had been ascertained so far as that company and the railroad company were concerned, the mechanic's lien established, and the property sold under the lien to pay the debt. There was after that nothing left of the suit, except that part which related solely and exclusively to the priority of the mortgage lien, and as to this the controversy was between the construction company on the one side, and the mortgage trustees on the other. If the railroad company still continued a party to the suit, it was a nominal party only, and its interests were in no way whatever connected with those of the trustees. It did not, therefore, occupy a position in the controversy on the same side with them." 100 U. S. at page 469 (25 L. Ed. 593).

The question there having become solely one as to priority between two claims, both of which were against the railroad company, such company was not a necessary party. So far as that controversy was concerned, the trustee was the representative alone of the bondholders, the priority of whose claim it sought to establish. If the trustee is removed, it is removed, not only as representative of the bondholders, but of the mortgagor as well. Its interest is therefore clearly apparent.

[3] As the Washington-Oregon Corporation is properly aligned as a defendant with the trustee sought to be removed, the cause does not present a controversy wholly between citizens of different states, and will therefore be remanded to the state court.