[No. 18579.   Department Two.   May 29, 1924.]

LUCAS MORLEY *et al., Appellants,* v. MARY MORLEY *et al.,
Defendants,* MARY MORLEY, *Respondent.*[1]

JUDGMENT (69)—ENTRY—WHAT CONSTITUTES — STATUTES — CON-
STRUCTION.  Under Rem. Comp. Stat., §§ 431, 435, providing that a
judgment shall be in writing, signed by the judge, filed with the
clerk and recorded and entered in the journal, an order on a motion
for a new trial is "entered" when it has been signed by the court
and filed with the clerk.

APPEAL (176, 211)—TIME FOR TAKING—ENTRY OF JUDGMENT—ORAL
NOTICE—JUDGMENT "RENDERED OR MADE."  The time for appealing
from a judgment where a motion for a new trial is made, begins to
run from the time the disposition of the motion is entered, that is,
signed by the judge and filed with the clerk; unless oral appeal is
taken in open court under Id., § 1719, at the time the judgment is
"rendered or made," which means when it has been signed by the
trial judge and not when orally announced.

Motion to dismiss an appeal from a judgment of the
superior court for Snohomish county, Brawley, J.,
entered January 5, 1923.   Denied.

*S. A. Bostwick* and *J. Y. Kennedy,* for appellants.

*Noah Shakespeare* and *L. A. Merrick,* for respond-
ent.

BRIDGES, J.—The only question now before us in this
case is whether the appeal should be dismissed on re-
spondent's motion.

On January 5, 1923, judgment was made in favor of
respondent and against the appellant, and on the same
day it was filed with the clerk of the court.   Thereafter
the court made a formal order denying the appellant's
motion for a new trial.   This order is dated September
19, 1923, but was not filed with the clerk of court until
October 15 of the same year.   If the time for appeal

[1]Reported in 226 Pac. 132.

began to run on the date the order was filed, the notice of appeal was in due time, otherwise it was not.

Under our statutes and decisions, the time for appealing from a judgment commences to run from the date of the disposition of the motion for a new trial. The question before us, then, is whether the time for appeal commences to run on the day the court makes the order denying the new trial, or on the day the order is filed with the clerk of the court.

We are of the view that the motion to dismiss must be denied. It appears that this identical question has not previously been before us. Section 1718, Rem. Comp. Stat. [P. C. § 7292], provides that in civil cases ". . . appeal from any final judgment must be taken within ninety days after the date of the *entry* of such final judgment; . . ." The ultimate question then is, when was the order denying the new trial "entered."

In the case of *Rice Fisheries Co. v. Pacific Realty Co.*, 35 Wash. 535, 77 Pac. 839, in determining that where, after judgment, a motion for new trial is made and denied, the judgment does not become final until the motion is determined, we said "the time for taking an appeal begins to run from the date of the order denying the motion for new trial." In *Chilcott v. Globe Navigation Co.*, 49 Wash. 302, 95 Pac. 264, in deciding that notice of appeal to be effective, if given in open court, must be given at the time the judgment is "rendered or made," citing § 1719, Rem. Comp. Stat. [P. C. § 7293], and that, under another statute which provides that when a trial by jury has been had, judgment shall be immediately entered by the clerk of the court in conformity to the verdict, we said that the judgment was "rendered or made" when the clerk so entered it. In *Wooddy v. Seattle Electric Co.*, 65

Wash. 539, 118 Pac. 633, we said that the time for
appeal begins to run "when an appealable order has
been made and entered. The only procedure that will
suspend its running is the filing of a motion for a new
trial. When such motion is interposed, the time for
appeal will run from the date on which it is deter-
mined."

What we said in those cases may be persuasive but
cannot be controlling here, because they did not involve
the question we are discussing. It is necessary, there-
fore, for us to determine the matter upon its merits.

As above quoted, § 1718, Rem. Comp. Stat., *supra,*
provides that the appeal must be taken within ninety
days after the date of the "entry" of the judgment.
Section 431, Rem. Comp. Stat. [P. C. § 8081], provides
that "the judgment shall be in writing, signed by the
judge of the court in which the action is pending and
shall be filed with the clerk and recorded in the journal
of the court." Section 435, Rem. Comp. Stat. [P. C.
§ 8084], provides that "all judgments shall be entered
by the clerk, subject to the direction of the court, in
the journal, and shall specify clearly the amount to be
recovered, the relief granted or other determination of
the action."

Under these statutes, it would seem that a judgment
or order is not "entered" until it has been filed with
the clerk of the court. This idea has been expressed by
us a number of times. In *Quarles v. Seattle,* 26 Wash.
226, 66 Pac. 389, we said: "there is a clear distinction
between the making or rendering of a judgment and
its entry. The judgment is made or rendered when
the court announces it or signs the judgment, as is the
common practice, and returns the signed judgment
to counsel. It is entered when it is placed on record
by the clerk."

In *State ex rel. Brown v. Brown*, 31 Wash. 397, 72 Pac. 86, 62 L. R. A. 974, we approved the rule in the *Quareles* case, *supra,* saying that the "filing by the clerk was the entry" of the judgment and further that "before the clerk filed the order or entered the same upon the journal, the court, upon discovering his inadvertence, recalled it and directed the clerk not to enter it. We think the court clearly had the right to do this before the order was filed or actually entered upon the record."

In 3 C. J. 1054, the rule is stated as follows:

"In some jurisdictions and under some statutes the period of limitation (for appeal) begins to run from the rendition of an appealable judgment, order or decree, and the date of the judgment, order or decree, as shown by the record, governs until corrected by proper proceeding. In other jurisdictions, or under other statutes, it does not begin to run until the judgment, order or decree has been duly filed or entered of record as well as rendered, either by express provision of the statute, or on the principle that until there has been an actual filing or entry there is no record evidence of a final or appealable judgment, order or decree."

We now hold that, under the appeal statutes, a judgment is "entered" when it has been signed by the court and filed with the clerk, and that an order denying a motion for a new trial has been "entered" when it has been signed by the court and filed with the clerk, and that the time for appeal begins when the judgment or order has been filed. The following cases from other courts support our view: *In re Pearsons' Estate,* 119 Cal. 27, 50 Pac. 929; *Wood, Curtis & Co. v. Missouri Pac. R. Co.,* 152 Cal. 344, 92 Pac. 868; *Dees v. Cook,* 58 Fla. 420, 51 South. 138; *Puckett v. Gunther,* 137 Iowa 647, 114 N. W. 34; *Cram v. Gilman,* 83 Me. 193, 22 Atl. 106. Where the appellant procures the judg-

ment or the order denying the motion for new trial to be made and withholds it from filing, a different question would be presented and we do not express an opinion on it.

What we have said does not apply to notice of appeal given in open court under § 1719, Rem. Comp. Stat., *supra*, because it is there expressly stated that the notice may be given "at the time when such judgment or order is *rendered* or *made*. . . ." Under this statute, for appeal purposes, a judgment is "rendered or made" when it has been signed by the trial judge, and not when the oral announcement thereof has been made. Such oral judgment is commonly general in its terms and the court awaits the written judgment for the particulars. Until the judgment is formally signed, the court has a perfect right to recall what he has said, change his mind and actually make a judgment materially differing from the oral announcement. Beside this, it is the common practice, at least in some localities, for the court to take the matter under advisement and on some succeeding motion day orally announce its judgment, often in the absence of all parties to the action. In other localities the practice is for the judge who has the matter under consideration to advise the attorneys in writing of his conclusion. Under these circumstances, there is no opportunity to comply with the statute concerning giving notice of appeal in open court, if we hold that the oral announcement is a judgment from which the appeal must be taken. We must give such construction to these appeal statutes as will make them workable and practicable. The motion to dismiss is denied.

MAIN, C. J., PEMBERTON, FULLERTON, and MITCHELL, JJ., concur.