**Mallick v. Middletown Township**

*Dean & McCoy,* for plaintiff.

*Gordon G. Erdenberger* of *Power, Bowen & Valimont,* for Township of Middletown.

*Norvin Nathan,* for individual defendants.

*John Phillip Diefenderfer,* for Executrix u/w Gerald J. Summerson.

MOUNTENAY, J., November 13, 1972.—This matter comes before us under rule 266 upon preliminary objections filed to plaintiffs' complaint by defendant, Township of Middletown, and by the personal representative of defendant, Gerald Summerson, deceased. The complaint combines an action for wrongful death and a survival action. The preliminary objections filed on behalf of the Township of Middletown raise two questions: First, whether plaintiffs have capacity to bring or maintain a wrongful death action against defendants and, second, whether plaintiffs have the capacity to bring or maintain a survival action against defendants. The Summerson prelim-

inary objections raise a third question, viz., whether plaintiffs can maintain either action against the now deceased defendant, Summerson.

The present posture of the case developed as follows: John C. Mallick, a minor, died on August 27, 1967. His death is alleged to have been caused by drowning in a storm sewer located in Middletown Township. On August 26, 1968, a praecipe for writ of summons was filed, naming as party plaintiffs "John and Helen Mallick and the Estate of John Mallick." Each of the several named defendants was subsequently served, and no objection has been made regarding the propriety of service. On December 10, 1971, Helen T. Mallick was appointed administratrix of the Estate of John C. Mallick, deceased. On January 26, 1972, plaintiffs' complaint was filed. On February 11, 1972, an appearance was entered for defendant, Township of Middletown. On February 14, 1972, an appearance was entered for all of the individual defendants, including defendant Summerson who was already deceased. However, the appearance on his behalf gave no indication of his prior death. On that same date, Summerson's executrix filed a suggestion of his death and of her appointment as his personal representative.

The first question, whether John Mallick and Helen Mallick as plaintiffs have the capacity to bring or maintain a wrongful death action, is answered in the affirmative. The objecting defendant correctly asserts that Pennsylvania Rule of Civil Procedure 2202(b) provides:

"If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative or by any person entitled by law to recover damages in such action *as trustee ad litem* on behalf of all

persons entitled to share in the damages." (Italics supplied.)

It is conceded by defendant, and the record indicates, that this action was brought in the second six months after decedent's death. On the other hand, it is conceded by plaintiffs, and the record indicates, that John and Helen Mallick did not bring the action as *trustees ad litem.* The issue then raised is whether the failure of plaintiffs to bring the wrongful death action in a representative capacity is fatal to their cause.

As stated in 11 Standard Pa. Pract. 51 (Ch. 44, §49),

". . . Where a parent in bringing the [wrongful death] action describes himself as parent instead of as trustee ad litem, however, the defect is not fatal but an amendment to correct the description may be permitted."

Since the foregoing commentary does not specify whether such amendment may be permitted after the statute of limitations has run, we turn to the case of Usner v. Duersmith, 346 Pa. 494 (1943), which affords further guidance. In that case, plaintiff had filed a praecipe for writ of summons naming "Harry A. Usner, parent of Galen S. Usner" as plaintiff to recover for the wrongful death of plaintiff's minor son, Galen. Defendant asserted that plaintiff had no right to sue because of his failure to comply with the requirement of Pennsylvania Rule of Civil Procedure 2202(b) that he sue as trustee ad litem. The Supreme Court affirmed the action of the trial judge in granting plaintiff leave to amend the caption to conform to the rule even after the statute of limitations had run.

The second question, whether plaintiffs have the capacity to bring and maintain a survival action, is answered in the negative. It should first be noted that

a wrongful death action and a survival action constitute two separate causes of action. In other words, a right of action arising out of a negligent act of defendant which accrues to plaintiff in his representative capacity as administrator constitutes a separate cause of action from that which may accrue to plaintiff individually, and this is so even though plaintiff is the only person entitled to what may be recovered in the suit: Fisher v. Hill, 368 Pa. 53 (1951).

Section 603 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.603, provides:

"An action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive."

And where an action was commenced under this section by an alleged administrator who was, in fact and law, not the personal representative, it was held that there was no entity in existence having the capacity to sue for damages for the benefit of the estate: Bojanac v. Smith, 25 Beaver 67 (1963).

In the instant case, the statute of limitations for the survival action had run on August 28, 1969, two years after the accident, and Helen Mallick was not appointed as decedent's administrator until December 10, 1971. Obviously, therefore, the "Helen Mallick" appearing as plaintiff on the praecipe for writ of summons filed on August 26, 1968, was not suing as a personal representative. Moreover, bringing the action in the name of "the Estate of John Mallick" accomplished nothing. Again, there is no such legal entity as an "estate"; an estate, as such, has no capacity to sue: Alesczyk v. Glen Alden Corp., 29 D. & C. 2d 138 (1962). Therefore, to amend by including the name of the personal representative would constitute more than the mere correction of the name of a party as per-

mitted by Pa. R. C. P. 1033. Rather, it would constitute the introduction of a new party. A new party cannot be added after the running of the statute of limitations: Casner v. Fisher, 22 D. & C. 2d 1 (1960); Pargas of Tannersville, Inc. v. Case, 46 D. & C. 2d 240 (1969); Stanford v. Casasanta, 8 Mercer 342 (1968). Admittedly, these cases involved an attempt to add a personal representative as a party *defendant* rather than as a party plaintiff, but we see no basis for distinction between plaintiff and defendant in this regard. But see Donaldson et al. v. Farrar et al., 35 Wash. 68 (1954).

In view of the foregoing, we believe that the preliminary objections as to the survival action must be sustained because of plaintiffs' failure to bring the action properly within the period of the statute of limitations.

The third question, viz., whether plaintiffs can maintain either action against the deceased defendant, requires a further examination of the record. As stated previously, suit was instituted by writ of summons on August 26, 1968, and the writ was duly served upon defendant Summerson, then living. No appearance was entered on Summerson's behalf, however, at this stage of the proceeding. Summerson died on April 29, 1969, a complaint was filed on January 26, 1972, and on February 14, 1972, Norvin Nathan, Esq., entered his appearance on behalf of all of the individual defendants, including Summerson. Neither the complaint nor the appearance gave any indication of Summerson's prior death. On the same day that the entry of appearance was filed, February 14, 1972, John Phillip Diefenderfer, Esq., as attorney for the executrix of Gerald J. Summerson, deceased, filed a suggestion of record noting Summerson's death and the issuance of letters to his client. Four days later, on

February 18, 1972, Mr. Diefenderfer, again on behalf of the executrix, filed preliminary objections raising the additional question of jurisdiction over the deceased defendant.

The thrust of the executrix' argument is that, since she was not made a party, the case cannot proceed against her decedent. It should be obvious from the authorities already cited that sooner or later plaintiffs will have to make an attempt to bring Summerson's personal representative on to the record. However, plaintiffs have not yet made any such attempt, and we believe, therefore, that the executrix' preliminary objections are premature. Compare Rosenberg v. Silver, 374 Pa. 74 (1953), where plaintiff ruled the personal representative to show cause why she should not be substituted as a party defendant. But with the case in its present posture, Summerson's executrix, as she so emphatically points out, is not a party. Pennsylvania Rule of Civil Procedure 1017(b) states that "Preliminary objections are available to *any party* . . ." (Italics supplied.) Since Summerson's executrix is not a party, she has no standing to file preliminary objections. Therefore, her preliminary objections are dismissed.

## ORDER

And now, November 13, 1972, the preliminary objections of the Township of Middletown, insofar as they apply to the first cause of action of plaintiffs' complaint, the wrongful death action, are dismissed. The preliminary objections of the Township of Middletown, insofar as they apply to the second cause of action of plaintiff's complaint, the survival action, are sustained. The preliminary objections filed on behalf of the executrix of Gerald J. Summerson, deceased, are dismissed in their entirety.