[No. 23503. Department Two. May 9, 1932.]

THE SEATTLE NATIONAL BANK, *Respondent*, v. DANIEL B. TREFETHEN *et al., Appellants.*[1]

*Trefethen & Porterfield*, for appellants.

*Bausman, Oldham, Walkinshaw & Jarvis*, for respondent.

MAIN, J.—This action is based upon a promissory note. The cause was tried to the court without a jury, and resulted in findings of fact from which the court concluded that a recovery could be had. Judgment was entered against Daniel B. Trefethen individually and against the community composed of himself and wife for the balance due upon the note, from which they appeal.

The respondent's brief opens with a motion to strike the statement of facts because not filed within the required time. The judgment from which the appeal was prosecuted was entered April 14, 1931. A motion for

[1]Reported in 11 P. (2d) 244.

new trial, which had been made, was overruled June 16, 1931. The statement of facts was filed October 13, 1931. It thus appears that the statement of facts was filed more than ninety days after the motion for new trial was overruled.

■ Rule of Practice VII, 159 Wash. lxi, provides that a bill of exceptions or statement of facts must be served and filed either before or within ninety days after the time begins to run within which an appeal may be taken from the final judgment in the cause. This court, in a long line of cases, has held that a statement of facts not filed within the time fixed by the rule or within the statutory time, prior to the promulgation of the rule, upon motion will be stricken. The most recent case to this effect is *Potlatch Lumber Co. v. Ferry County,* 167 Wash. 491, 9 P. (2d) 783, where many of the previous cases are cited, and it is unnecessary to here assemble them again.

■ The appellants move to strike the respondent's brief because it was not filed within the time required by the rules, and this apparently upon the theory that, if the brief were stricken, there would be no motion before the court to strike the statement of facts and the court would thereupon consider the case upon its merits. However, if the brief were stricken, it would not accomplish the purpose which the appellants seek. While the opinion does not so recite in the case of *Moss v. Moss,* 163 Wash. 444, 1 P. (2d) 916, the fact is that, in that case, no motion to strike the statement of facts was made; but the question was raised by the court of its own motion.

It is said that the same rule should be applied to an overdue brief as is applied to a statement of facts or bill of exceptions which is not served and filed within the time fixed by rule or statute. But there is a difference. In a number of the cases where a statement

of facts or bill of exceptions has been stricken because not filed in time, it has been said that the matter was one of jurisdiction. The filing of a brief within the time fixed by the rules cannot be said to be a jurisdictional requirement. Where a question of jurisdiction is involved, it may be raised at any time, and, as already indicated, it is a question which the court itself will raise.

The previous decisions of this court upon the question require that the statement of facts be stricken. The statement being stricken, the only question that remains is whether the facts found support the judgment. *Russell v. Mitchell,* 61 Wash. 178, 112 Pac. 250. Upon the merits in the present case, the trial court made a finding as follows:

"At Seattle, Washington, on July 22, 1920, for a valuable consideration, the defendant, Daniel B. Trefethen, duly executed, on his behalf and on the behalf of the community composed of himself and Anna A. Trefethen, and delivered to the plaintiff, his certain promissory note in the sum of $7,500.00, a copy of which is attached to the plaintiff's complaint, and the original has been filed as an exhibit in this cause. This note was executed by the defendant Daniel B. Trefethen for and on behalf of the community composed of himself and his said wife."

There can be no question but that the facts there found support the judgment entered. In another finding were set out the payments which had been made upon the note and the respective dates thereof.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, BEALS, and MILLARD, JJ., concur.