[No. 23566. Department Two. June 13, 1932.]

MARION BEZICH, *Appellant*, v. COLUMBIA INSURANCE COMPANY, *Respondent*.[1]

*W. L. Sachse*, for appellant.

*Clarke & Clarke*, for respondent.

BEALS, J.—Plaintiff instituted this action for the purpose of recovering judgment on a policy of fire insurance issued by defendant covering the furnishings of a restaurant in the city of Tacoma. Defendant insured this property against loss by fire in the sum of $1,700; the property having been damaged by fire several months after the issuance of the policy. A trial to the court, sitting without a jury, resulted in findings of fact and conclusions of law in defendant's

[1]Reported in 12 P. (2d) 413.

favor, followed by a judgment dismissing the action, from which plaintiff appeals.

Respondent moves to dismiss the appeal, arguing that the same was not seasonably taken. The action was tried June 3, 1931, the trial court reserving its decision. June 17 following, the court filed a written memorandum decision in respondent's favor, copies of which were mailed to counsel for the respective parties. Findings of fact and conclusions of law, together with judgment of dismissal pursuant thereto, were signed July 6, on which date appellant served and filed his motion for a new trial, which motion was overruled by order signed September 12. The notice of appeal was filed October 9, 1931, and respondent argues that the same was not timely, contending that appellant should have moved for a new trial within two days after receiving notice of the filing of the memorandum opinion rendered by the trial court, citing Rem. Comp. Stat., § 402.

While appellant might have moved for a new trial within the period fixed by law after notice of the filing of the written memorandum opinion, he was not required to do so, and had the right, under the statute, to make his motion within two days after the entry of the formal judgment in the cause. This being true, the time within which appellant was required to take his appeal from the judgment commenced to run on the date his motion for a new trial was overruled, and, the appeal having been taken within thirty days from that date, respondent's motion to dismiss the appeal must be denied, and it is so ordered.

The trial court found that the property of appellant which was covered by the insurance policy had been damaged by fire in an amount in excess of $1,700, but denied any recovery under the policy, because appellant had, after the issuance of the policy and with-

out notice to the insurer, mortgaged the property, the chattel mortgage having remained in full force and effect up to the time of the fire, and for the further reason that appellant had not seasonably filed with respondent sufficient proofs of loss, as required by the terms of the insurance contract.

The policy sued upon bears date March 17, 1930, and the fire which resulted in appellant's damage occurred January 18, 1931. The policy contained the usual provision to the effect that the same should be void if the property covered thereby should become encumbered by a chattel mortgage, such a provision having been by this court held binding in the cases of *Inland Finance Co. v. Home Insurance Co.*, 134 Wash. 485, 236 Pac. 73, 48 A. L. R. 121, and *Dresher v. London etc. Insurance Co.*, 153 Wash. 635, 280 Pac. 57.

It is admitted that January 2, 1931, appellant executed a note in the sum of $350, payable to his brother-in-law, John W. Adler, and that he at the same time executed a chattel mortgage in favor of Mr. Adler in the sum of $350, covering the insured property, which mortgage was on the day it was made filed in the office of the county auditor. Appellant contends that the note and mortgage were never in fact delivered, and that, for this reason, they never became effective for any purpose; and that the trial court erred in holding that appellant could not recover upon the policy of insurance sued upon because he had mortgaged the chattels covered by the insurance.

Appellant and Mr. Adler testified that they occupied the same house, and that Mr. Adler had delivered to appellant money which appellant was to invest for Mr. Adler or deal with as he saw fit. Appellant testified that, toward the end of the month of December, 1930, he was hard pressed for money, was unable to

pay his rent, and that his landlord had threatened to eject him unless the rent was paid; that, after consultation with his attorney, he decided to borrow his brother-in-law's money for the purpose of paying his own rent, and that he would protect his brother-in-law by executing in his favor a note to be secured by a chattel mortgage on the personal property in the restaurant; and that the note and mortgage in Mr. Adler's favor were accordingly executed.

Appellant further testified that he took the note from his attorney's office, but that he did not deliver the same to his brother-in-law, and that the chattel mortgage was not delivered, but was left with appellant's attorney, who, without instructions from appellant or Mr. Adler, filed the same. Appellant testified that, although Mr. Adler was at all times advised as to the amount which appellant owed him, Mr. Adler was not, prior to the fire, informed that appellant had executed a chattel mortgage in his favor as security for the indebtedness. Mr. Adler testified that he knew nothing of the alleged indebtedness to himself until two weeks prior to the trial, and that he did not learn of the existence of the chattel mortgage until he met appellant's counsel not over two days before the date of the hearing.

Appellant's counsel, testifying as a witness on appellant's behalf, stated that, at appellant's request, he prepared the note and the chattel mortgage securing the same, and that appellant handed the witness the chattel mortgage with instructions to take care of it; that the witness was not acquainted with Mr. Adler, and, in preparing the papers and filing the chattel mortgage, acted for appellant. Concerning this phase of the matter, the witness testified:

"Before going further, I would say that I took the chattel mortgage to be recorded as the law requires

it should be, as he had told me to take care of it, and I filed it for record, and paid no more attention to it, and forgot about it; and I did not see Mr. Bezich again until several days after the fire, and had forgotten about the mortgage.''

The trial court expressly found that appellant mortgaged the personal property covered by the insurance policy without giving notice to or obtaining the consent of respondent, and that the chattel mortgage was in full force and effect at the time of the fire. The testimony of appellant and his brother-in-law concerning their financial relations is confused, the story of their dealings one with the other and appellant's testimony concerning the execution of the note and chattel mortgage being unconvincing and extremely improbable.

If appellant's story of his financial arrangements with his brother-in-law is true, appellant had authority to loan Mr. Adler's money and to accept security therefor. Assuming the truth of appellant's testimony concerning his handling of Mr. Adler's funds, and placing upon appellant's admitted acts the ordinary construction dictated by common sense, it appears that appellant did exactly that thing; he loaned the money to himself and accepted his own note and mortgage as security for the loan.

Careful examination of the record convinces us that the finding of the trial court, to the effect that appellant did mortgage the property covered by the insurance policy, is supported by the preponderance of the evidence. This being true, under the authorities cited, the policy of insurance was avoided, and the trial court correctly held that appellant could not recover thereon.

Our opinion on this phase of the case renders un-

384

necessary discussion of other questions argued by appellant.

Judgment affirmed.

TOLMAN, C. J., HOLCOMB, MAIN, and MILLARD, JJ., concur.