[No. 23757. Department Two. August 29, 1932.]

*In the Matter of the Estate of* SAMUEL W. BARTEL,
*Deceased.*

PEARL ADAMS, *as Guardian of Anna W. Bartel, an In-
sane Person, Respondent,* v. FREDERICK A.
BARTEL *et al., Appellants.*[1]

*Arthur C. Bannon (Bert A. Northrop* and *James C.
McKnight,* of counsel), for appellants.

*Hyland, Elvidge & Alvord,* for respondent.

BEALS, J.—Under date October 20, 1930, the su-
perior court, on application of Anna W. Bartel, the
widow of Samuel W. Bartel, deceased, awarded to Mrs.
Bartel, out of the estate of her late husband, in lieu
of homestead and other exemptions, certain real estate
situated in King county. From this order, several of
Mr. Bartel's children by a former wife, two of whom
are minors and appear herein by their guardian ad
litem, have appealed to this court.

After the entry of the order awarding the home-
stead, a motion for a new trial was made, which was

[1]Reported in 14 P. (2d) 5.

overruled April 18, 1931. The notice of appeal was served April 28, 1931, and filed May 2 following, on which day the appeal bond was also filed. The statement of facts was not filed in the office of the clerk of the superior court until July 30, 1931, several days after the expiration of the ninety-day period provided by law for the filing of the appellants' proposed statement of facts.

This court having repeatedly held that the filing of a proposed statement of facts

" . . . within ninety days after the time begins to run within which an appeal may be taken from the final judgment in the cause, or (as the case may be) from an order with a view to an appeal from which the bill or statement is proposed" (Rule of Practice VII, 159 Wash. lxi; Rem. 1927 Sup., § 308-7),

is jurisdictional, the statement of facts must be stricken. *Moss v. Moss,* 163 Wash. 444, 1 P. (2d) 916; *Potlatch Lbr. Co. v. Ferry County,* 167 Wash. 491, 9 P. (2d) 783; *Seattle Natl. Bank v. Trefethen,* 168 Wash. 173, 11 P. (2d) 244.

In the case at bar, the superior court by order attempted to extend to August 1, 1931, the time within which appellants' proposed statement of facts could be filed. This is a matter wholly beyond the jurisdiction of the superior court, and, in so far as the particular matter referred to is concerned, the order of the superior court is a nullity.

The statement of facts having been stricken, we have examined the transcript, but, as the findings of fact and conclusions of law entered by the trial court manifestly support the order appealed from, we are unable to hold that the trial court erred in entering the order.

Careful examination of the record which is before us for consideration fails to disclose any error in the

proceedings leading up to the entry of the order appealed from of which appellants may avail themselves. Affirmed.

TOLMAN, C. J., MAIN, MILLARD, and HOLCOMB, JJ., concur.