[No. 24693.   Department Two.   November 3, 1933.]

JOSEPH B. SMITH, *Appellant*, v. LYDIA V. KNEISLEY, *Respondent*.[1]

*Livingston B. Stedman, Elias A. Wright, M. W. Vandercook,* and *Joseph B. Smith,* for appellant.

*Wright, Jones & Bronson,* for respondent.

TOLMAN, J.—Appellant, as plaintiff, instituted this action to recover for professional services rendered as an attorney at law.

[1]Reported in 26 P. (2d) 387.

In his original complaint, he alleged that he had been employed by the defendant to aid her professionally in collecting upon certain insurance policies carried by her deceased husband calling, in the aggregate, for the payment of one hundred twenty thousand dollars in the event of his accidental death. The complaint set forth a number of circumstances of a nature which might cause the insurance companies to deny liability, and proceeded to allege an agreement by which the defendant undertook to pay him a fee equal to fifteen per cent on any sum recovered without suit and a fee equal to one-third of any amount collected by suit, and "that such contract for a contingent fee for the collection of such insurance was a just and reasonable compensation to be paid plaintiff for the services to be rendered by him."

Later, and before issue was joined, an amended complaint was voluntarily filed which contains substantially the allegations of the original complaint, except that it makes no mention of the reasonableness of the fee agreed upon, and thus eliminates the issue of *quantum meruit* from the case. The answer was a general denial.

The cause was tried on the merits to the court, sitting without a jury, resulting in findings of fact on the main issue to the effect that plaintiff had failed to sustain the burden of proof and failed to produce evidence sufficient to establish the alleged contract of employment. A judgment of dismissal with prejudice followed, from which judgment the plaintiff has appealed.

After the trial court had announced his decision upon the merits, the appellant served and filed a petition to have the case reopened, to be permitted to file a second amended complaint setting up the issue of *quantum meruit* and to introduce evidence in sup-

port thereof. This application was denied, and that ruling is assigned as error.

Such matters are peculiarly within the discretion of the trial court. Here, we have no question of inadvertence, but on the contrary, plaintiff first raised the *quantum meruit* issue, and then deliberately and of his own choice abandoned that issue for reasons not disclosed, but easily to be surmised. Upon the issue of whether or not a contract for a specific amount had been entered into, which he had thus deliberately chosen to stand upon, the plaintiff brought the cause to trial, a hard fought and long drawn out trial was had, and the contest ended unsuccessfully for him.

To have granted the request would have been virtually to re-try the case, and would have placed a great additional burden upon the defense and upon the court as well. It was shown that witnesses necessary to meet such an issue, who had already testified for the defense in the case, had scattered after the trial ended and before this application was made and one, at least, had left the state. We know of no rule which would justify granting such a request when an additional and undue burden would thereby be placed upon the defense. We, therefore, find here no evidence of an abuse of discretion.

Upon the facts, little can be said which will be of any value. This is one of those cases where upon the vital issues the respective parties and their witnesses testify to a diametrically opposite state of facts. Neither story is impossible. The respondent's version seems the more probable. It is supported by the greater number of witnesses. The trial court, who saw and heard them all, was of the opinion that these witnesses spoke the truth, and though we have painstakingly searched the voluminous record from beginning to end and have given thoughful consideration to the able and

pertinent comments of counsel as contained in an exhaustive brief, we are still unable to arrive at any other or different conclusion than the one reached by the trial judge.

The third and last issue raised is based upon the refusal of the trial court to grant a new trial because of newly discovered evidence. In the recent case of *Libbee v. Handy,* 163 Wash. 410, 1 P. (2d) 312, we laid down the rule with some care that, to warrant the granting of a new trial on the ground of newly discovered evidence, five things must appear.

" 'It must appear (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; (5) that it is not merely cumulative, or impeaching.' 20 R. C. L. 290.''

The so-called newly discovered evidence, according to the showing in the record, did not fully and fairly meet any one of these conditions and notably failed to meet conditions numbered 2, 3 and 5. The motion for a new trial was properly denied.

Finding no error, the judgment is affirmed.

BEALS, C. J., HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.