[No. 25563. Department Two. October 5, 1935.]

JOSEPH B. SMITH, *Respondent,* v. LYDIA V. KNEISLEY, *Appellant.*[1]

*Wright, Jones & Bronson,* for appellant.

*Wright & Wright, Stedman & Stedman,* and *M. W. Vandercook (Felix Rea,* of counsel), for respondent.

MITCHELL, J.—This action was brought by Joseph B. Smith, of Seattle, to recover for the reasonable value of services rendered as an attorney at law. The trial, without a jury, resulted in findings of fact and conclusions of law upon which judgment was entered in his favor in the sum of $4,500. The defendant, Mrs. Lydia V. Kneisley, appealed, after her motion for a new trial was denied.

Respondent has moved to dismiss the appeal because the notice of appeal was not served and

[1]Reported in 49 P. (2d) 916.

filed within thirty days from the date of the entry of the judgment; and has further moved to strike the statement of facts on the ground that it was not filed within the time limited by law. The contention is that the time for taking these steps begins to run from the date of the entry of the final judgment. On the contrary, it begins to run from the date of the order denying the motion for a new trial. *Bezich v. Columbia Ins. Co.*, 168 Wash. 379, 12 P. (2d) 413; *Reeves v. Wilson*, 105 Wash. 318, 177 Pac. 825; Rem. Rev. Stat., § 308-7 [P. C. § 8676-10]. The giving of notice of appeal and the filing of the statement of facts in this case were well within time. The motions will be denied.

Appellant is the widow of Harry R. Kneisley, who died on November 7, 1930. At the time of his death, he had in effect life insurance in favor of his wife in two companies, with reference to the payment of which there was no contest or suit. The insurance in one company was paid within seventeen days, and that in the other company was paid within thirty days. Shortly thereafter, respondent, alleging that he had been employed professionally upon an express contract to collect this insurance, sued the appellant to recover for his services. He lost in the superior court and also on appeal, because he failed to prove any contract. *Smith v. Kneisley*, 175 Wash. 29, 26 P. (2d) 387.

Thereafter, the present suit was brought to recover for the reasonable value of the professional services alleged to have been rendered. The appellant, by her answer, denied liability. A large amount of testimony was introduced and a number of questions raised. Our conclusion upon one of the questions makes it unnecessary to consider the others.

28

■ In the course of the trial, evidence was introduced as to whether the respondent had at any time during the year 1930 registered and paid his annual registration fee as an attorney and counselor at law, as required by Rem. Rev. Stat., § 139-20 [P. C. § 173]. That statute, which was in force at the time respondent claims to have rendered his services, provided:

"Every attorney and counselor at law of this state except judges, shall register annually with the clerk of the county in which he resides or has his place of practice, which registration may be done in person, by agent, or by mail, and shall state the name of the attorney, his address and the firm of attorneys with which he is connected, if any. The clerk shall provide a book for such registration and shall register the names therein alphabetically. In counties having a population of less than 125,000, the fee for each annual registration shall be one dollar to be paid into the state treasury for the general fund; in counties having population of 125,000 or more, the fee for each annual registration shall be two dollars, one-half of which fee shall be paid into the county treasury for the county law library fund; and the other half shall be paid into the state treasury for the general fund. An attorney who shall have failed to register before the first day of February in any year shall be deemed suspended as an attorney and counselor at law until such registration shall have been made and the fee paid, but such suspension shall not be construed to affect the rights of litigants or others for whom the delinquent may act during suspension. If an attorney fail to register for two successive years and pay his registration fees, the county clerk shall notify the clerk of the supreme court, and the attorney; whereupon the attorney's name shall be stricken from the list of attorneys until all delinquent fees are paid."

Upon the evidence in the case, appellant requested, in writing, a finding that respondent had not paid his registration fee for that year. The trial judge,

in writing, refused to make the finding. He did not make any finding on that subject. The nearest approach to it was a finding "that at all times mentioned the plaintiff has been and now is an attorney at law duly admitted to practice under the laws of the state of Washington." Here, however, the question is not whether he had been duly admitted to practice law in this state, but whether, because of his failure to register and pay his registration fee for the year in which he performed the legal services involved, as required by statute, he became suspended and not entitled to practice. That is the point upon which appellant requested, and was entitled to, a finding.

While the trial judge would not make a formal finding on the subject, he said, in his oral opinion at the close of the case, that the services were performed during a "period in which the record shows the plaintiff had not paid the $2.00 annual registration fee to the county clerk under 139 Remington." The evidence is overwhelming to that effect.

The record required to be kept in the county clerk's office showing the registry and payment of annual registration fees of attorneys was produced at the trial, and a deputy clerk testified that the register is checked with the cash book every day and that the records show that respondent paid his annual registration fee for the year 1930 on *April 1, 1932,* as shown by both the cash book and the attorneys' register. There was no substantial evidence to the contrary, and we consider it to be a well-established fact that it was not paid until 1932.

In the complaint, respondent alleged that he was employed "to perform legal services." The trial court found "that the services performed by the plaintiff were those which a lawyer is called upon to

perform in his capacity as an attorney." The services were performed in the year 1930. Respondent did not register or pay his annual registration fee until two years later.

What effect does his failure to comply with the law have upon his right to recover in this action? An attorney who shall have failed to register before the first day of February in any year shall be *deemed suspended* as an attorney and counselor at law until such registration shall have been made and the fee paid. The words are plain, common, and easily understood. The meaning of the word "deem" is, "to hold, consider, adjudge, condemn." *State v. Holmes,* 133 Wash. 543, 234 Pac. 275, citing Black's Law Dictionary.

The word "suspend" is defined in Black's Law Dictionary, 2d ed., as meaning:

"To interrupt; to cause to cease for a time; to stay, delay, or hinder; to discontinue temporarily, but with an expectation or purpose of resumption. To forbid a public officer, attorney, or ecclesiastical person from performing his duties or exercising his functions for a more or less definite interval of time."

That is, the statute says that he shall be held to have lost his right to practice law "until such registration shall have been made and the fee paid."

In *In re Ellis,* 118 Wash. 484, 203 Pac. 957, it was said:

"The right to practice law is not a right *de jure.* . . . 'It is in the nature of a franchise from the state conferred only for merit, and is not a lawful business except for members of the bar *who have complied with all the conditions required by statute and the rules of the court.'* " (Italics ours.)

One is not entitled to compensation for services as an attorney at law unless, at the time he renders the services, he

". . . has all the qualifications prescribed by the statute, including the taking of the oath of office, *payment of the privilege tax,* and similar requirements." 6 C. J., Attorney and Client, p. 721, § 286. (Italics ours.)

This is the general rule. In 2 Thornton on Attorneys at Law, p. 885, § 503, it is said:

"As a general rule, the plaintiff, in order to recover compensation for professional services, must show that, at the time the services were rendered, he was a practicing lawyer, and had complied with the statutory requirements and rules of court for the regulation of such occupation."

The statute is not an idle thing. It means what it says. Respondent's argument is that the requirement of the fee is merely a revenue measure, the money to go into public funds, and that there was no intention on the part of the legislature that an attorney should lose the "benefit of his *hire* merely because he did not pay a registration fee." The fact that the money is distributed into public funds in no way belittles the statute with respect to its enforcement. As to the intentions of the legislature, if the act is lawful, which is the case here, it should be obeyed. The loss of the "benefit of hire," mentioned in the argument of counsel, carries the fallacy of assuming, in respondent's favor, the very thing that is not permissible under the statute—the right to make a contract of hire while under suspension.

There is nothing wrong in or about the statute. An attorney does not have to pay the fee, and he is not disgraced if he does not pay it. It creates no debt, the collection of which can be enforced. It is simply a condition imposed by the state for the privilege of exercising a franchise given by the state. If

32

any one class of persons more than another should be pleased to respect and obey the law, it is the lawyers, because of their peculiar and honorary relation to the administration of the law.

Under the law and the facts in this case, the respondent is not entitled to prevail.

The judgment is reversed and the cause remanded, with directions to the trial court to enter judgment dismissing the action.

HOLCOMB, STEINERT, and BLAKE, JJ., concur.