[No. 26907. *En Banc.* May 27, 1938.]

JOSEPH SITKO et al., *Respondents*, v. EDWIN R. ROWE
et al., *Appellants*, CLIFFORD E. PERRY et al.,
*Defendants.*[1]

*F. W. Moore,* for appellants.

*Marion Garland,* for respondents.

HOLCOMB, J.—This action was brought to recover
damages from appellants occasioned by their trespass-
ing upon respondents' property by removing a lateral
support, thereby causing the fence and earth to fall
from the south side of the lot.

Judgment was entered in favor of respondents in the
sum of three hundred dollars, and this appeal was at-
tempted.

Upon judgment being entered for respondents, ap-

[1]Reported in 79 P. (2d) 688.

pellants moved for a new trial and excepted to the findings of fact and conclusions of law. This motion was denied.

Error is assigned on a number of grounds. On the threshold, however, we are confronted with a motion by respondents to dismiss this appeal on the ground that notice of appeal was not given in the manner and form and within the time prescribed by law.

The judgment in this action was signed and filed on July 26, 1937, and no notice of appeal was given in open court, nor was any written notice filed on that date, nor within thirty days thereafter.

An order was entered August 9, 1937, overruling a motion for a new trial, and at that time oral notice of appeal was given in open court. The entry in the record relating to the notice of appeal reads:

"Monday, August 9, 1937 . . .

"Motion for new trial comes on for hearing this day, both parties appearing by counsel. Motion denied. Order denying motion for new trial signed. Defendants Rowe give oral notice of appeal in open court to plaintiffs Sitko and wife and to the co-defendants Clifford E. Perry and wife. Supersedeas and cost bond on appeal filed."

Written notice of appeal, dated September 29, 1937, was served on the same date and filed October 7, 1937.

Rem. Rev. Stat., § 1719 [P. C. § 7293], provides in part:

"A party desiring to appeal to the supreme court under the provisions of this title may, by himself or his attorney, give notice in open court or before the judge, if the judgment or order appealed from is rendered or made at chambers, at the time when such judgment or order is rendered or made, that he appeals from such judgment or order to the supreme court, and thereupon the court or judge shall direct the clerk to make an entry of such notice in the journal of the court."

Rule of Practice X, Rem. Rev. Stat., § 308-10 [P. C. § 8676-13], recites:

"In civil actions and proceedings an appeal from any final judgment must be taken within thirty days after the day of the entry of such final judgment; . . . "

Under Rem. Rev. Stat., § 1719, one may give oral notice of appeal, but such notice must be given at the time when the judgment or order is rendered or made in order to be effective. The oral notice of appeal, not having been given until a date subsequent to the entry of the judgment and at the time an order was entered denying a new trial, is ineffective. *Lefever v. Blattner,* 57 Wash. 637, 107 Pac. 835; *Johnson v. California-Washington Timber Co.,* 159 Wash. 214, 292 Pac. 418.

When a motion for a new trial is seasonably made after the final judgment is entered, the time within which notice of appeal must be given, begins to run from the date of entry of the order denying such motion. *Smith v. Kneisley,* 184 Wash. 26, 49 P. (2d) 916, and cases cited. The written notice of appeal, dated September 29, 1937, is of no force and effect, inasmuch as the thirty day period, after the entry of the order denying a new trial, had expired.

Defendants Perry and wife, who did not appeal, filed a waiver, waiving any defect in the notice of appeal given. Such waiver can in no wise cure the defective notice of appeal.

Since the appeal was not taken in the manner and within the time prescribed by law, it confers no appellate jurisdiction upon this court.

This proceeding is dismissed.

ALL CONCUR.