708

JOHN D. DUNSEATH, *Respondent*, v. WILBUR O. HALLAUER
*et al.*, *Appellants.*[1]

*John N. Leavitt* and *Max R. Nicolai,* for appellants.

*Edwards Merges* and *Howard P. Pruzan,* for respondent.

WEAVER, J.—Respondent moves: (1) to strike the statement of facts upon the ground that it was not served and filed within the time prescribed by law; (2) to vacate the order granting extension of time for filing appellants' opening brief because application for it was not properly or timely made; (3) to strike the transcript of the record upon the ground that it was not filed within the time limited by law; or (4) in the alternative, to dismiss the appeal because it has not been diligently prosecuted.

The procedural facts necessary to our decision are these:

1. July 24, 1951      Findings of Fact filed.
2.   ”     ”     ”      Judgment signed and filed.
3.   ”     ”     ”      *Motion for a new trial filed.*
4. Aug. 21, 1951     First Notice of Appeal served.
5. Aug. 22, 1951     First Notice of Appeal filed.
6. Aug. 31, 1951     Cash bond filed and notice given.
7. Oct.  1, 1951      Order denying motion for a new trial.

[1]Reported in 246 P. (2d) 496.

8.  Oct. 17, 1951      Second notice of appeal served.
9.  Oct. 22, 1951      Second notice of appeal filed.
10. Oct. 22, 1951      Statement of Facts filed.
11. Oct. 25, 1951      Second bond for costs filed.
12.  ”    ”    ”        Supersedeas bond filed.
13. Nov. 26, 1951      Statement of Facts served.

Rule on Appeal 34, 34A Wn. (2d) 36, provides, in part:

"A proposed statement of facts must be served on one of the adverse parties and filed in the office of the clerk of the superior court in which the case was tried *within ninety days after the date of entry of the final judgment,* or appealable order, for the purpose of appealing from which the statement is proposed and notice of the filing thereof shall also be served on all other adverse parties:  . . ." (Italics ours.)

Respondent contends that the statement of facts had to be served and filed within ninety days after July 24, 1951, the date judgment was entered or on or before October 22nd. It was filed October 22nd and served November 26th.

Appellants argue that the period in which the statement of facts may be served and filed did not commence until October 1, 1951, the date the court denied appellants' motion for a new trial, and thus the statement of facts was served and filed within ninety days thereafter.

The motion for a new trial is the root of the problem. The question presented is not a narrow one limited to its effect upon the time in which a statement of facts should be served and filed upon appeal. It also affects the time in which notice of appeal should be given, for Rule on Appeal 33 (34A Wn. (2d) 33) requires that notice of appeal be given within thirty days *"after the day of the entry of such final judgment."*

The language of both Rule 33 and Rule 34, as italicized above, is almost identical. Unless the time in which an appeal can be taken commences to run at the same moment the period starts in which a statement of facts must be served and filed, we have a procedural inconsistency which not only creates pitfalls for the unwary, but which places even resourceful counsel in a dilemma when there is a

motion for a new trial pending at the time judgment is entered, or such a motion is filed thereafter within two days from the date the findings are filed.

It could well happen, by reason of prolonged argument, written briefs, and the matter being taken under advisement by the trial judge, that an order denying a motion for a new trial might not be entered until more than ninety days after the entry of the judgment. The losing party would then (under authorities discussed later) have the right to appeal, but, should the time in which a statement of facts must be filed start *from the date of the judgment*, he would not have the right to serve and file a statement of facts. This is an extreme example, but it illustrates the possible inconsistency.

In order to resolve the question of when the period starts to run in which a statement of facts must be filed, it is necessary to examine our present statutes and rules, and those in force prior to 1921.

RCW 4.44.050 reads as follows:

"Upon the trial of an issue of fact by the court, its decisions shall be given in writing and filed with the clerk. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly. [1854 p 168 § 205; Code 1881 § 246; RRS § 367.]"

RCW 4.44.060 provides:

"The order of proceedings on a trial by the court, shall be the same as provided in trials by jury. The finding of the court upon the facts shall be deemed a verdict, and may be set aside in the same manner and for the same reason, in so far as applicable, and a new trial granted. [1869 p 60 § 251; Code 1881 § 247; RRS § 368.]"

RCW 4.76.060 provides, in part:

"The party moving for a new trial must, within two days after the verdict of a jury, . . . or *two days after notice in writing of the decision of the court* or referee, if the action was tried without a jury, file with the clerk, and serve upon the adverse party, his motion for a new trial, designating the grounds upon which it is made. . . . [1891 c 59 § 1; 1897 c 14 § 1; RRS § 402.]" (Italics ours.)

This section of the statute we have further expanded and explained by providing that the time within which a motion for a new trial shall be served and filed shall not begin to run until *the findings of fact and conclusions of law* have been signed by the court. Rule of Superior Court 16, 34A Wn. (2d) 118.

In construing the statutes above set forth, we said, in *State ex rel. Payson v. Chapman,* 35 Wash. 64, 66, 76 Pac. 525:

"It clearly appears from these sections that the practice in equity, *and other cases tried by the court without a jury,* is governed by the rules applicable to jury trials." (Italics ours.)

Prior to the adoption of section 1, chapter 65, p. 199, Laws of 1921 (now RCW 4.64.010), the time for entering judgment was governed by Rem. 1915 Code, § 431, which provided, in part:

"When a trial by jury has been had, judgment shall be entered by the clerk *immediately* in conformity to the verdict . . . *Provided, however, that if a motion for a new trial shall be filed, execution shall not be issued upon said judgment until said motion shall be determined: And provided, further,* That the granting of a motion for a new trial shall immediately operate as the vacation and setting aside of said judgment. [L. '03, p. 285, § 1. . . . ]" (Italics ours.)

Thus, under Rem. 1915 Code, § 431, next above quoted (from chapter 148, p. 285, Laws of 1903), the practice became firmly established that *judgment was entered immediately* upon the verdict of the jury or "the decision of the court." However, since judgment could be entered immediately and the statute gave to a litigant the *right* to file a motion for a new trial, we held in *State ex rel. Payson v. Chapman, supra; Rice Fisheries Co. v. Pacific Realty Co.,* 35 Wash. 535, 77 Pac. 839; *Kubillus v. Ewert,* 40 Wash. 38, 82 Pac. 147; *Wittler-Corbin Machinery Co. v. Martin,* 47 Wash. 123, 91 Pac. 629; *Chilcott v. Globe Nav. Co.,* 49 Wash. 302, 95 Pac. 264; *Wells & Morris v. Brown,* 67 Wash. 351, 121 Pac. 828; *Michaelson v. Overmeyer,* 77 Wash. 110, 137 Pac.

332; *Reeves v. Wilson*, 105 Wash. 318, 177 Pac. 825, that a motion for a new trial could be filed within two days *after judgment* and that time for filing *notice of appeal* did not commence to run until the trial court had denied the motion. We so held even though our statutes have always required that *notice of appeal* be given within a designated period after date of entry of final judgment. Code 1881, § 543; Hill's Code, § 1403; Bal. Code, § 6502; Rem. & Bal. Code, § 1718; Rem. 1915 Code, § 1718; Rem. Comp. Stat., § 1718; Rem. Rev. Stat., § 308-10 [P.P.C. § 93-19]; Rule on Appeal 33, 34A Wn. (2d) 33.

"If this were not so, he [appellant] could be deprived of his right of appeal by the court taking under advisement the determination of a motion for new trial for a period of ninety days or longer." *Reeves v. Wilson, supra.* (p. 320)

This construction was not a strained one, for our statute (Rem. 1915 Code, § 431) specifically provided that execution could not issue on the judgment until the motion for a new trial had been determined, a provision that does not appear in our present statute.

As to filing statements of facts during this same period (prior to 1921):

In *State ex rel. Payson v. Chapman* (1904), *supra*, the trial court refused to settle and certify the proposed statement of facts on the ground that it was not served and filed within thirty days from the date of the entry of judgment. The statute then in force required that it be served and filed "within thirty days after the time begins to run within which an appeal may be taken from the final judgment in the cause." Bal. Code, § 5062. We ordered the statement certified, since it had been served and filed within the statutory period after the motion for a new trial had been denied.

In *Michaelson v. Overmeyer* (1913), *supra*, we struck a statement of facts because it was not served and filed within the statutory period *after* the motion for a new trial had been denied.

In summary, under our former statutes (a) judgment could be entered *immediately* upon the verdict of the jury or the decision of the court; (b) a motion for a new trial could be filed within two days *after* entry of judgment; (c) by statute, a motion for a new trial prohibited the issuance of execution upon a judgment until the motion for a new trial was denied; (d) time for appeal and for serving and filing the statement of facts began to run from the date the motion for a new trial was denied.

Have our present statutes and rules of court changed any of this?

In 1921, the legislature *repealed* Rem. 1915 Code, § 431, under which the post-trial procedure had been established prior to 1921, and passed chapter 65, Laws of 1921. It appears as Rem. Comp. Stat., § 431; Rem. Rev. Stat., § 431 [P.P.C. § 62-9]; RCW 4.64.010. It reads:

"In any action tried by jury in which a verdict is returned, *judgment* in conformity with the verdict *may be entered by the court at any time after two days from the return of such verdict.* Any motion for judgment notwithstanding the verdict, or any motion for a new trial, or any motion attacking the verdict for other causes, shall be served on the adverse party and filed with the clerk of the court within two days after the return of the verdict, *and no judgment shall be entered in the cause until after the disposition of such motion.* The judgment shall be in writing, signed by the judge of the court in which the action is pending, and shall be filed with the clerk and recorded in the journal of the court." (Italics ours.)

This section must, of course, be read with RCW 4.44.050 and RCW 4.44.060, heretofore quoted. The apparent purpose of the statute was to change the former post-trial procedure. Judgment should not be entered until two days after the verdict of the jury or of the signing of the findings of fact. Under our present statute, motions are to be timely made before judgment is entered. In spite of the direction that *"no judgment shall be entered in the cause until after the disposition of such motion,"* it appears that the statute has been, and still is, honored as often by its breach as by its observance.

The practice still continues in many instances, as in this case, of entering judgment immediately upon the verdict of the jury or upon entry of the findings of fact, and then, within two days after entry of the findings of fact, filing a motion for a new trial. Were the statute followed, it would always eliminate the appellate question of the meaning of "date of the entry of final judgment," as used in Rules on Appeal 33 and 34. The motion for a new trial having been denied, the time for appeal and the time in which the statement of facts must be served and filed would commence to run from the date of the entry of the final judgment.

Even though: (a) Rem. 1915 Code, § 431, was repealed and superseded by RCW 4.64.010 in 1921; (b) our statutes required that notice of appeal must be given within the required time "after the date of the entry of such final judgment" (Rule on Appeal 33, uses the same language, except "day" for "date"); and (c) the statute provides that no judgment shall be filed until two days after the verdict or until a motion for a new trial has been determined, we have continued to hold that the time in which notice of appeal must be given does not commence until entry of the order denying a motion for a new trial, in spite of the fact that the motion is either filed and/or ruled upon after judgment. *Bezich v. Columbia Ins. Co.,* 168 Wash. 379, 12 P. (2d) 413; *Smith v. Kneisley,* 184 Wash. 26, 49 P. (2d) 916; *Sitko v. Rowe,* 195 Wash. 81, 79 P. (2d) 688; *Tungsten Products v. Kimmel,* 5 Wn. (2d) 572, 105 P. (2d) 822; *Roesch v. Gerst,* 18 Wn. (2d) 294, 138 P. (2d) 846; *Wilson v. Katzer,* 37 Wn. (2d) 944, 226 P. (2d) 910.

As to filing statements of facts: Our prior statutes required that the statement of facts be served and filed within a designated time after the period begins to run within which an appeal may be taken. Laws of 1893, p. 116, § 13; Bal. Code, § 5062; Rem. & Bal. Code, § 393; Rem. 1915 Code, § 393; Rem. Comp. Stat., § 393; Rem. Rev. Stat., § 393 [PPC. § 47-25].

In 1927, this court adopted Rule VII, Rules of Pleading, Procedure and Practice (140 Wash. xxxix), which read:

"A proposed . . . statement of facts must be served and filed . . . within ninety days after the time begins to run within which an appeal may be taken from the final judgment . . ."

The same rule appears in 159 Wash. lxi (1930) and Rem. Rev. Stat., § 308-7 [P.P.C. § 93-13] (1932).

Thus, both time periods (for appeal and for filing the statement of facts) were linked together by statute and court rule so that they commenced to run at the same time.

Consequently, when a motion for a new trial had been timely made and denied after judgment had been entered, we struck statements of facts when not filed and served within the designated period "after the time begins to run within which an appeal may be taken" (the date the order denying the motion for a new trial was entered) and refused to strike them when they had been filed within that period. *Neis v. Pool*, 148 Wash. 646, 269 Pac. 801; *Thornthwaite v. Greater Seattle Realty & Improvement Co.*, 160 Wash. 651, 295 Pac. 933; *Seattle Nat. Bank v. Trefethen*, 168 Wash. 173, 11 P. (2d) 244; *In re Bartel's Estate*, 169 Wash. 441, 14 P. (2d) 5; *Smith v. Kneisley, supra*; *Investment & Securities Co. v. Adams*, 192 Wash. 41, 72 P. (2d) 288.

In some of our cases decided prior to 1938, we struck the statement of facts because "not served or filed within ninety days from the date of the entry of the final judgment" in spite of the fact that the rule and statutes then required that it be served and filed "within ninety days after the time begins to run within which an appeal may be taken from the final judgment"; but, in those cases illustrated by our decision in *Graham v. Shively*, 173 Wash. 475, 23 P. (2d) 881 (1933), it does not appear that a motion for a new trial had been made at all, and thus the language used was accurate under the circumstances of those cases.

However, on August 1, 1938, this court adopted Rule IX(1), Rules of Court (193 Wash 9-a), which reads:

"A proposed . . . statement of facts must be served and filed . . . within ninety days *after the date of entry of the final judgment* . . ." (Italics ours.)

The same rule appears in 18 Wn. (2d) 9-a and as Rule on Appeal 34, 34 Wn. (2d) 36 (1951).

Since the adoption of the present rule of court requiring a statement of facts to be served and filed within ninety days after the date of entry of the final judgment, we have struck, in several cases, the statements of facts when it appeared that they were served and filed more than ninety days *after* the date of entry of judgment and more than ninety days *after* the order denying a motion for a new trial. *Pattison v. Walker,* 2 Wn. (2d) 62, 97 P. (2d) 160 (1939) (cites new rule in 193 Wn. 9-a, but uses language of former rule); *Lilly Co. v. Parrino,* 18 Wn. (2d) 128, 138 P. (2d) 206; see *In re Berard's Estate,* 29 Wn. (2d) 438, 187 P. (2d) 610.

In *State ex rel. Grange Store v. Riddell,* 27 Wn. (2d) 134, 177 P. (2d) 78, and *Wheeler v. S. Birch & Sons Const. Co.,* 27 Wn. (2d) 325, 178 P. (2d) 331, the date of entry of judgment does not appear, although it can be inferred from the opinions that judgment was entered prior to the entry of the order denying the motion for a new trial. In the *Grange* case, we refused to issue a writ of mandate to compel the clerk of the superior court to file a proposed statement of facts as of a specified date, for the reason that it was not served and filed within ninety days from the date of the entry of the order denying a motion for a new trial. In the *Wheeler* case, we figured the time in which the statement of facts should have been filed from the date of entry of the order denying the motion for a new trial and struck the statement of facts when it was not filed and served within that period.

We now hold that, under Rule on Appeal 34, 34A Wn. (2d) 36, a statement of facts must be served and filed within ninety days after the date of entry of judgment, or, if a motion for a new trial has been *timely* filed (see *Canzler v. Mammoliti, ante* p. 631, 245 P. (2d) 215), within ninety days from the date of entry of the order denying the motion for a new trial. By analogy, this conclusion is fortified

by reference to Rule on Appeal 33(5) (18 Wn. (2d) 6-a; 34A Wn. (2d) 35), which reads:

"If a motion for a new trial shall be made after the entry of any appealable order, judgment, or decree and shall be denied, upon such denial an appeal or cross-appeal may be taken from such appealable order, judgment, or decree at the times and by either of the methods above provided."

Appellants filed and served their statement of facts within the period thus determined.

Respondent argues that appellants cannot date the time in which they have to file their statement of facts from October 1, 1951 (the day the order denying the motion for a new trial was entered), for the reason that appellants had already given notice of appeal and posted bond. Appellants, by brief and in oral argument, have asked this court to treat as abandoned the first attempted appeal taken in August, 1951. Appellants have taken an appeal within the time prescribed after entry of the order denying their motion for a new trial. We treat the first notice of appeal as abandoned by appellants. See *State v. Miller,* 80 Wash. 487, 141 Pac. 1139; *Chaffee v. Hawkins,* 89 Wash. 130, 154 Pac. 143. Respondent has not been misled to his detriment.

We have considered the other motions of respondent. We deem them to be without merit.

The motion is denied.

SCHWELLENBACH, C. J., MALLERY, GRADY, and HAMLEY, JJ., concur.