[No. 32564.    Department One.    January 21, 1954.]

FAIRVIEW LUMBER COMPANY, *Respondent*, v. ANDY MAKOS
et al., *Appellants.*[1]

[1]Reported in 265 P. (2d) 837.

*Joseph S. Kane* and *Howard Staley,* for appellants.

*Torbenson, Baum & Thatcher,* for respondent.

WEAVER, J.—Respondent moves to dismiss this appeal, claiming that notice of appeal was given prematurely.

After trial to the court, the judge announced that he would enter judgment for the plaintiff (respondent). We refer to Andy Makos as though he were the sole defendant and appellant, although the judgment from which this appeal is taken is against Andy Makos and the community of Andy Makos and his wife. Andy Makos died after the case was heard in this court. His executors, Peter Liakatas, Gust Makos, and Gust Rutos (also known as Gus P. Routos) have been substituted as parties appellant by order of this court.

It appears from the transcript on appeal that the trial court entered findings of fact, conclusions of law, and judgment on March 6, 1953. The judgment is marked "filed" at 2:34 p.m. The notice of appeal also bears March 6, 1953, as the date of service and filing. The exact time does not appear on the face of the notice of appeal.

The statement of facts contains a page of narration (apparently prepared by counsel for respondent, served upon counsel for appellant, and included in the statement when certified) which states:

"On March 6, 1953, at about the hour of 2:30 P.M. Counsel for Plaintiff and Defendant appeared before the Court and commenced argument. Counsel for the Defendant [appellant] handed his written Motion for a New Trial [which does not appear in the transcript] and a Written Notice of Appeal to the Clerk of this Department who stamped each with the filing stamp of the King County Clerk and handed them to the Court. Argument then proceeded *upon the Motion for New Trial* and the form of the Findings of Fact and Conclusions of Law, counsel for the Plaintiff [respondent] consenting to arguing them together and waiving any question of the time of service of the Motion for New Trial.

"At the conclusion of the argument, the Court announced orally its adherence to its previous decision and signed the Findings of Fact and Conclusions of Law and Judgment proposed by the Plaintiff." (Italics ours.)

The order denying the motion for a new trial was presented by counsel for plaintiff (respondent), approved as to form by counsel for defendant (appellant), signed by the trial judge, and filed on March 10, 1953.

Respondent argues that the notice of appeal was premature either (a) because it was served and filed prior to judgment; or (b) because it was filed four days prior to the order denying the motion for a new trial.

In support of its first contention, respondent cites *Dux v. Hostetter*, 37 Wn. (2d) 550, 225 P. (2d) 210 (1950) and *Strickland v. Rainier Golf & Country Club*, 156 Wash. 640, 287 Pac. 900 (1930). Neither case is controlling. In the *Dux* case, we dismissed the appeal because it was taken from a nonappealable order. In the *Strickland* case, the appeal was dismissed because notice of appeal was given three days *prior to the entry of formal judgment.*

In the case now before us, the judgment and notice of appeal bear the same date of filing. We are unwilling to hold that time of filing may be broken down into hours, minutes, and seconds, for the purpose of determining the chronological order of steps necessary to perfect an appeal. When two such acts are done on the same day, it will be presumed that they are done in the order necessary to accomplish their purpose.

Respondent's second contention—that the notice of appeal was premature because filed four days prior to the order denying the motion for a new trial—is based upon the assumption that the motion for a new trial suspends appellant's right to appeal until disposition is made of the motion. This assumption is erroneous. (See discussion of this possibility as suggested in case note on *Dunseath v. Hallauer, infra*, 28 Wash. L. Rev. 64.)

Under Rule on Appeal 33, 34A Wn. (2d) 33, and the statute and rules on appeal which it superseded, we have held that

the time in which notice of appeal must be given may not commence until entry of the order denying a motion for a new trial. *Bezich v. Columbia Ins. Co.,* 168 Wash. 379, 12 P. (2d) 413 (1932); *Smith v. Kneisley,* 184 Wash. 26, 49 P. (2d) 916 (1935); *Sitko v. Rowe,* 195 Wash. 81, 79 P. (2d) 688 (1938); *Tungsten Products v. Kimmel,* 5 Wn. (2d) 572, 105 P. (2d) 822 (1940); *Roesch v. Gerst,* 18 Wn. (2d) 294, 138 P. (2d) 846 (1943). However, the question presented in these cases was: had the notice of appeal been given in time —not, was it premature.

Under Rule on Appeal 34, 34A Wn. (2d) 36, we held that a statement of facts must be served and filed within ninety days after the date of entry of final judgment; or, if a motion for a new trial has been timely filed, within ninety days from the date of entry of the order denying such motion, if entered after judgment. *Dunseath v. Hallauer,* 40 Wn. (2d) 708, 246 P. (2d) 496 (1952).

Thus, a motion for a new trial, timely filed, may extend the time in which an appeal may be taken or a statement of facts filed. There is nothing in the nature of the motion which necessarily suspends the *right* to appeal until disposition is made of the motion.

■ Two things result when the notice of appeal is filed. First, the appellant loses the right to file in the superior court a motion for a new trial, if it has not yet been filed; or waives and abandons it, if it has been filed, but has not been disposed of. *State v. Smails,* 63 Wash. 172, 187, 115 Pac. 82 (1911); Annotation: Right of trial court to grant new trial as affected by appellate proceedings, 139 A. L. R. 340. Second, jurisdiction is transferred to the supreme court and the trial court is deprived of jurisdiction of the subject matter of the cause (*Sewell v. Sewell,* 28 Wn. (2d) 394, 396, 184 P. (2d) 76 (1947), and cases cited; *In re Dygert's Estate,* 42 Wn. (2d) 673, 257 P. (2d) 774 (1953)), retaining only those powers enumerated in Rule on Appeal 15, 34A Wn. (2d) 22.

Thus, appellant waived his motion for a new trial; the trial court lost jurisdiction of the case; and the order denying the motion for a new trial, entered March 10, 1953, is a nullity.

This conclusion is not inconsistent with our opinion in *Dunseath v. Hallauer, supra.* In that case, the first notice of appeal was abandoned.

The motion to dismiss the appeal is denied.

No assignments of error are directed to the findings of fact entered by the trial court. They become the established facts of the case (Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953. We set forth those facts necessary for a decision of the issues raised.

Joe Bean had built several houses for appellant, Makos. Bean had purchased materials from respondent, Fairview Lumber Company, Inc. In the latter part of December, 1950, Bean was completing work on a house for Makos on Cascadia street, in Seattle, Washington, and advised respondent that he was contemplating the construction of another house for Makos at 39th and Genessee streets, in Seattle.

As of January 2, 1951, Bean was indebted to respondent in the sum of $1,219.12, for materials used in the construction of the Cascadia street house. Respondent advised Bean that no further credit would be extended until arrangements were made to pay the balance, then due, and to pay for the materials to be used in the construction of the house on Genessee street.

Upon disputed testimony, the court found: that Bean and Makos went to respondent's place of business on January 2, 1951; that they discussed the balance of the account and the payment of future charges for materials to be used in the construction of the Genessee street house; that Makos orally promised respondent he would pay the balance due respondent from Bean, in the sum of $1,219.12, and would pay for materials requested by and delivered to Bean for the construction of the house on Genessee street. The court found:

"That said promise was made to Plaintiff [respondent] to induce Plaintiff to deliver materials for Andy Makos' house at 39th and Genessee Streets without payment therefor at the time of delivery."

Respondent furnished the materials.

Thereafter, on February 8, 1951, Makos paid respondent

nine hundred dollars. He made a further payment to respondent of one thousand dollars on March 9, 1951.

Respondent sued Makos for $1,127.18, the balance due on the account. The trial court held that Makos' oral promise to pay was enforcible because he, as owner of the house, had benefited to the extent of the reasonable value of the materials delivered. Makos appeals from the judgment entered against him.

■ The facts, as established, do not make appellant's oral promise subject to the operation of the statute of frauds, as found in Rem. Rev. Stat., § 5825 [cf. RCW 19.36.010].

Restatement, Contracts, 244, § 184:

"Where the consideration for a promise that all or part of a previously existing duty of a third person to the promisee shall be satisfied is in fact or apparently desired by the promisor *mainly for his own pecuniary or business advantage,* rather than in order to benefit the third person, the promise is not within Class II of § 178 [contracts within the statute of frauds, to answer for the debt, default, or misdoings of another], unless the consideration is merely a premium for the promisor's insurance that the duty shall be discharged. . . .

"*Illustrations*:

"1. D contracts with S to build a house for S. C contracts with D to furnish materials for the purpose. D, in violation of his contract with C fails to pay C for some of the materials furnished. C. justifiably refuses to furnish further materials. S orally promises C, that if C will continue to furnish D with materials that C had previously agreed to furnish, S will pay the price not only for the materials already furnished but also for the remaining materials if D fails to do so. S's promise is enforceable." (Italics ours.)

This court has consistently followed the principle of *Burns v. Bradford-Kennedy Lbr. Co.,* 61 Wash. 276, 280, 112 Pac. 359 (1910),

" . . . that where the leading object of the promissor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the statute."

*Dybdahl v. Continental Lbr. Co.,* 133 Wash. 81, 85, 233 Pac. 10 (1925); *Drew-Warren Radio Electric Co. v. Western Loan*

*& Bldg. Co.,* 148 Wash. 435, 442, 269 Pac. 496 (1928); *Stowell Lbr. Corp. v. Wyman,* 19 Wn. (2d) 487, 490, 143 P. (2d) 457 (1943).

Appellant proffers as his remaining assignment of error:

"The court erred in excluding evidence (page 56) that defendant Makos had paid Joe Bean in full for past jobs at the time he was alleged to have made a promise to answer for Bean's material bills on those jobs."

The assignment of error and the argument in support of it are broader than the question presented by the record to which the assignment refers.

On cross-examination, Joe Bean identified defendant's (appellant's) proposed exhibit No. 9 for identification as "a bill that Makos made up and that I signed." There is no further evidentiary explanation or identification of the proposed exhibit. It is headed "4430 Cascadia Joe Bean New House 7600.00." The court sustained an objection to its admission on the ground that it was irrelevant and immaterial to the issues of the instant case.

█ Respondent maintained its action upon appellant's alleged promise to pay the balance due for materials furnished to the Cascadia street house, in the sum of $1,219.12, and to pay for materials to be supplied by respondent for the house on Genessee street. After two payments totaling nineteen hundred dollars, by appellant to respondent, there was an alleged amount due of $1,127.18. Any accounting between Bean and Makos, relating to the construction of the house on Cascadia street, or of any other construction work done by Bean for Makos prior to Makos' alleged promise to pay, is irrelevant, immaterial, and of no probative value in this action between appellant and respondent.

The argument and colloquy of counsel did not constitute an offer of proof sufficient to meet the rule discussed in *Sutton v. Mathews,* 41 Wn. (2d) 64, 247 P. (2d) 556 (1952). It was not error to exclude the evidence.

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and OLSON, JJ., concur.