[No. 33209.  Department One.  September 15, 1955.]

DOUGLAS A. LIND *et al.*, *Appellants*, v. THE CITY OF SEATTLE, *Respondent.*[1]

*Roy E. Jackson* and *Thor P. Ulvestad*, for appellants.

*A. C. Van Soelen* and *John A. Logan*, for respondent.

*Kahin, Carmody & Horswill, amicus curiae.*

[1] Reported in 287 P. (2d) 743.

PER CURIAM.—Plaintiffs appeal from a judgment dismissing their action with prejudice.

All of plaintiffs' assignments of error are directed to the fact that the trial court sustained a challenge to the sufficiency of the evidence at the close of plaintiffs' case.

March 25, 1954, plaintiffs filed a motion for a new trial. The record before us does not contain an order granting or denying this motion. However, the record does contain a letter dated July 19, 1954 (filed July 20, 1954), from the trial judge to counsel for both parties, which concludes that "the motion for a new trial will be overruled."

The procedural steps necessary to our decision are these:

September 7, 1954. Judgment of dismissal filed.

September 16, 1954. Notice of appeal served and filed.

December 9, 1954. Proposed statement of facts filed in the office of the clerk of the superior court of King county.

Rule on Appeal 34 (1), 34A Wn. (2d) 36, provides that a proposed statement of facts must be served on one of the adverse parties and filed in the office of the clerk of the superior court "within ninety days after the date of entry of the final judgment, or appealable order," unless the time for filing is extended by the superior court or the chief justice of the supreme court for a period not to exceed thirty days; provided the application for the extension of time be made within the ninety-day period.

In *Dunseath v. Hallauer*, 40 Wn. (2d) 708, 716, 246 P. (2d) 496 (1952), we held that a statement of facts must be served and filed within ninety days after the entry of judgment; or, if a motion for a new trial has been timely filed, but denied subsequent to entry of judgment, the statement of facts must be served and filed within ninety days from the date of entry of the order denying the motion for a new trial.

Assuming that no order denying the motion for a new trial has yet been entered in this case (appellants assume the contrary on page three of their brief), the rule of the *Dunseath* case, *supra*, can be of no help to appellants, because they served and filed their notice of appeal on September 16, 1954.

In *Fairview Lbr. Co. v. Makos*, 44 Wn. (2d) 131, 134, 265 P. (2d) 837 (1954), this court said:

"Two things result when the notice of appeal is filed. First, the appellant loses the right to file in the superior court a motion for a new trial, if it has not yet been filed; *or waives and abandons it, if it has been filed, but has not been disposed of. State v. Smails*, 63 Wash. 172, 187, 115 Pac. 82 (1911)." (Italics ours.)

The proposed statement of facts was filed ninety-three days after the entry of final judgment. The record contains no order extending the time to file the statement of facts. ■ It is, therefore, necessary to strike the statement of facts. Since all the assignments of error require an examination of the evidence, which is not before us, the judgment must be affirmed. *Paige v. Ius*, 45 Wn. (2d) 65, 273 P. (2d) 492 (1954).

It is so ordered.